# EXHIBIT B

1 | Gary Rand & Suzanne E. Rand-Lewis
Professional Law Corporations
2 | Suzanne E. Rand-Lewis, Esq., State Bar No. 126219
5990 Sepulveda Boulevard, Suite 630
3 | Sherman Oaks, California 91411-2523
Tel: (818) 779-1720  Fax: (818)779-1730
4 | srand-lewis@randandrand-lewisplcs.com

5 | Attorney for Plaintiff, Kimberly Koerber

6

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 08 2017

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Shaunya Bolden

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF LOS ANGELES**

10

BC 649878

11 | KIMBERLY KOERBER,

CASE NO.

12 |      Plaintiff,

**COMPLAINT FOR**

13 | vs.

1. Breach of Express Contract;
2. Breach of Implied Contract;

14 | CENGAGE LEARNING INC.; CENGAGE
LEARNING HOLDINGS II INC.; ERIC

3. Breach of the Covenant of Good Faith and Fair Dealing;

15 | BREDENBERG; KRISTEN MCDANIEL; DON
ROYAL; PROJECT VERITAS; PROJECT

4. Wrongful Termination in Violation of Public Policy;

16 | VERITAS LLC; PROJECT VERITAS ACTION
FUND; BREAKTHROUGH DEV GROUP;

5. Violation of the California Constitution;

17 | JAMES O'KEEFE III; ALLISON MAASS; DOE
1 FEMALE USING THE PSEUDONYM

6. Violation of California Government Code §12900, et seq. vs. Employer;

18 | "ALYSSA HARRIS"; DOE 2 FNU; CHRISTIAN
HARTSOCK; DOE 3 MALE USING THE

7. Violation of California Government Code §12900, et seq. vs. Managers;

19 | PSEUDONYM "STEVE PACKARD"; DOE 4
MNU; DOES 5 through 100,

8. Violation of California Labor Code §1198.5;

20

9. Violation of California Labor Code §980;

21 |      Defendants.

10. Violation of California Labor Code §1101;

22

11. Violation of California Labor Code §1102;

23

12. Violation of California Labor Code §1102.5

24

13. Intentional Infliction of Emotional Distress;

25

14. Violation of Business & Professions Code §17200;

26

15. Violation of The Invasion of Privacy Act (Cal. Pen. Code §632);

27

16. Violation of The Invasion of Privacy Act (Cal. Pen. Code §647j);

28

1
COMPLAINT

17.    Invasion of Privacy (Cal. Civ. Code §1708.8);
18.    Common Law Invasion of Privacy;
19.    Public Exposure of Private Facts;
20.    Public Exposure of Private Facts- False Light;
21.    Violation of Privacy- Use of Name or Likeness (Civ. Code §3344);
22.    Negligence (Civ. Code §1708);
23.    Intentional Interference With Prospective Economic Relations

Plaintiff alleges as follows:

## STATEMENT OF THE CASE

1. This is an action by Plaintiff, KIMBERLY KOERBER, [hereinafter "Plaintiff"], a Caucasian woman over 40, who was a hard working sales consultant, with excellent reviews, at the time of her termination from employment by her Employer, Defendants CENGAGE LEARNING INC. and CENGAGE LEARNING HOLDINGS II INC., and DOES 5 through 100 [hereinafter "EMPLOYER" or "CENGAGE"].   Plaintiff's managers were Defendants ERIC BREDENBERG [hereinafter BREDENBERG], DON ROYAL [hereinafter ROYAL] and KRISTEN MCDANIEL [hereinafter MCDANIEL]. Plaintiff's employment was wrongfully terminated because she expressed opinions in a private conversation while off work; the conversation was illegally recorded by a hidden camera without her knowledge by Defendants PROJECT VERITAS, PROJECT VERITAS LLC, PROJECT VERITAS ACTION FUND, BREAKTHROUGH DEV GROUP, JAMES O'KEEFE III [hereinafter O'KEEFE], ALLISON MAASS, DOE 1 FEMALE USING THE PSEUDONYM "ALYSSA HARRIS" [both hereinafter "MAASS"], DOE 2 FNU, CHRISTIAN HARTSOCK, DOE 3 MALE USING THE PSEUDONYM "STEVE PACKARD" [both hereinafter "HARTSOCK"], DOE 4 MNU, DOES 5 through 100 [collectively hereinafter "PV"] in violation of the California Penal Code. Defendants PV, O'KEEFE, MAASS, and HARTSOCK were responsible for planning, scripting, producing, directing, and using false pretenses to obtain a private meeting with Plaintiff, where they illegally recorded her, then edited, produced and disseminated an elaborate, inaccurate and illegal recording of the private meeting on social media with the intent of causing her to be terminated from her employment and damaged. Defendant PV then used certain portions of the illegally recorded private conversation for its website, Youtube, and other public presentations, in a produced video format, [hereinafter the

1 "videos"] with animated caricatures of Plaintiff, containing highly edited and inaccurate

2 representations of her private statements, which were published without her knowledge or consent.

3 When Defendant EMPLOYER learned of the videos publication on social media it immediately

4 wrongfully terminated Plaintiff's employment.  Plaintiff is seeking damages due to Defendants'

5 wrongful conduct.

6 **PRELIMINARY ALLEGATIONS**

7     2.  At all times mentioned herein, Plaintiff was a resident of the County of Los Angeles.

8 Plaintiff proceeds as an individual and as a private attorney general in order to obtain protection for

9 herself and the rights of the public as to matters of public importance under the law.  Plaintiff proceeds

10 pursuant to the private Attorney General doctrine and <u>Code of Civil Procedure</u> §1021.5.

11     3.  Plaintiff is informed and believes, and thereon alleges, that Defendants CENGAGE

12 LEARNING INC. and CENGAGE LEARNING HOLDINGS II INC. are a educational content,

13 technology, and services company; corporations operating for profit, with a principal place of business

14 in San Francisco, California, which employed Plaintiff in Los Angeles County, California.  Defendant

15 EMPLOYER's business is based upon the sale of educational materials to States and other public

16 entities.  Defendant CENGAGE employed approximately 5,000 employees at all times herein.

17     4.  Plaintiff is informed and believes, and thereon alleges, that Defendants ERIC

18 BREDENBERG, KRISTEN MCDANIEL, and DON ROYAL were Defendant EMPLOYER's

19 managing agents, agents and employees of said Defendant and Plaintiff's superiors at all relevant times

20 herein, who did business in Los Angeles County, State of California.

21     5.  Plaintiff is informed and believes, and thereon alleges, that Defendants PROJECT

22 VERITAS, PROJECT VERITAS LLC, PROJECT VERITAS ACTION FUND, BREAKTHROUGH

23 DEV GROUP, JAMES O'KEEFE III, ALLISON MAASS, DOE 1 FEMALE USING THE

24 PSEUDONYM "ALYSSA HARRIS", DOE 2 FNU[1], CHRISTIAN HARTSOCK, DOE 3 MALE

25 USING THE PSEUDONYM "STEVE PACKARD", DOE 4 MNU[2]; and DOES 5 through 100, were

26 

27     [1] FNU is an acronym for female name unknown.

28     [2] MNU is an acronym for male name unknown.

3<br>COMPLAINT

1  entities and individuals that collectively concealed their identities, came into the State of California

2  and illegally recorded a private conversation with Plaintiff, which they then disseminated throughout

3  California, in an effort to obtain financial benefit from the State of California. The individuals who

4  had contact with Plaintiff identified themselves as residents of the State of California. PROJECT

5  VERITAS, PROJECT VERITAS LLC, PROJECT VERITAS ACTION FUND, and

6  BREAKTHROUGH DEV GROUP are business entities which did business in Los Angeles County,

7  California.

8       6. Plaintiff is informed and believes that Defendant CHRISTIAN HARTSOCK is also DOE

9  3, the MALE USING THE PSEUDONYM "STEVE PACKARD"; that he uses the pseudonym "Steve

10  Packard" on behalf of, as the agent of and employee of Defendants PV and O'KEEFE, with their

11  knowledge, authorization and consent, and that he was at all relevant times herein a resident of the

12  County of Los Angeles, California. Plaintiff is informed and believes that Defendant ALLISON

13  MAASS is also DOE 1, the FEMALE USING THE PSEUDONYM "ALYSSA HARRIS" and that she

14  uses the pseudonym "Alyssa Harris" on behalf of, as the agent of and employee of Defendants PV and

15  O'KEEFE, with their knowledge, authorization and consent. Plaintiff is informed and believes these

16  Defendants were at all times herein the agents, servants, and employees, working jointly with Co-

17  Defendant and O'KEEFE, who is also the agent, servant and employee of Defendants PROJECT

18  VERITAS, PROJECT VERITAS LLC, and PROJECT VERITAS ACTION FUND. In addition to

19  using pseudonyms, Defendants HARTSOCK, MAASS and O'KEEFE held themselves out as agents,

20  employees and principals of the entity named herein as Defendant BREAKTHROUGH DEV GROUP,

21  which is a pseudonym for Defendant PV. Defendant BREAKTHROUGH DEV GROUP is an entity,

22  form unknown, which holds itself out as a political consultant. Plaintiff is informed and believe that

23  Defendant BREAKTHROUGH DEV GROUP is not a functioning entity and is a front for Defendants

24  PV, O'KEEFE, HARTSOCK and MAASS.[3] Defendants are individuals and entities whose conduct

25  _____

26      [3] Plaintiff is informed and believes that Defendant PV's agents, affiliates and employees' pseudonyms include: Allison Brandt, Angela Brandt, Allison Moss, Alyssa Harris, Allison Holmes,

27  Ashley Nichols, Charles Roth, Dan Sandini, Steve Packard, Brittney Rivera, Bri Rivera, Bri Rivers, Mike Carlson, Victor Kesh, Thomas Gibson, Savannah Germain, Jess Koski, Laura Loomer, Jess

28  Jones, many of whom use business cards bearing the name and logo of Breakthrough Dev Group.

1  in California is governed by the California Business and Professions, Civil and Penal Codes, and

2  specifically the California Invasion of Privacy Act, among other laws and common law.

3      7.  From the date of Plaintiff's hire by Defendant EMPLOYER of November 18, 2013, through

4  Plaintiff's termination on January 22, 2016, there existed a direct employer-employee relationship and

5  contract between Plaintiff and Defendant EMPLOYER. Defendant EMPLOYER is a private employer

6  subject to suit under the laws of the State of California including California Business and Professions

7  Code, Fair Employment and Housing Act (FEHA) (Gov. Code, §12900, *et seq.*), Labor Code §§96(k),

8  980, 1101, 1102 and 1102.5.

9      8.  The true names and capacities of Defendants referred to herein as DOES are unknown to

10  Plaintiff at this time and Plaintiff is informed and believes they are in some way responsible for the

11  damages incurred. Plaintiff will amend this Complaint to allege the true names and capacities when

12  ascertained. All facts stated in the Statement of the Case and Factual Background of this Complaint

13  are incorporated herein by reference.

14      9.  Plaintiff is informed and believes and thereon alleges, that at all material times each of the

15  CENGAGE Defendants were the agents, servants, and employees of the CENGAGE co-defendants,

16  and in doing the things herein alleged were acting in a managerial capacity within the scope of their

17  authority, whose acts and conduct herein alleged were with the permission and consent of the co-

18  defendants. Each of the CENGAGE Defendant's actions and conduct were known to, authorized and

19  ratified by the CENGAGE co-defendants.  Plaintiff is informed and thereon alleges that the

20  CENGAGE Defendants knowingly and willfully conspired and agreed among themselves to do the

21  acts herein alleged. The CENGAGE Defendants did these acts pursuant to and in furtherance of their

22  conspiracy.  The CENGAGE Defendants furthered their conspiracy by cooperation, lending aid,

23  encouragement, ratification and adopting the acts of each other.

24      10. Plaintiff is informed and believes and thereon alleges, that at all material times each of the

25  PV Defendants were the agents, servants, and employees of the PV co-defendants, and in doing the

26  things herein alleged were acting in a managerial capacity within the scope of their authority, whose

27  acts and conduct herein alleged were with the permission and consent of the PV co-defendants. Each

28  of the PV Defendant's actions and conduct were known to, authorized and ratified by the PV co-

02/08/2017

1   defendants. Plaintiff is informed and thereon alleges that the PV Defendants knowingly and willfully

2   conspired and agreed among themselves to do the acts herein alleged. The PV Defendants did these

3   acts pursuant to and in furtherance of their conspiracy. The PV Defendants furthered their conspiracy

4   by cooperation, lending aid, encouragement, ratification and adopting the acts of each other.

5        11. Plaintiff is informed and believes, and thereon alleges, that Defendants committed other

6   wrongful acts or omissions of which Plaintiff is presently unaware. Such acts are ongoing and will

7   continue after the filing of this action. Plaintiff will seek leave of court to amend this Complaint when

8   Plaintiff discovers the other acts or omissions of such Defendants.

9                       **FACTUAL BACKGROUND**

10   **Plaintiff's excellent work performance which exceeded expectations; Defendant**

11   **CENGAGE'S knowledge that Plaintiff was an excellent, "quiet and efficient" employee, who was**

12   **a "role model" for other employees:**

13        12. Defendant, EMPLOYER, through employees like Plaintiff, is engaged in the business of

14   sales of educational materials to public entities and others. Defendant EMPLOYER's profits rely upon

15   States and other public and private entities "adopting" its materials. At the time she was hired Plaintiff

16   was told she would be treated fairly and not arbitrarily. In exchange for her agreement to work for

17   Defendant EMPLOYER Plaintiff received income, benefits, 401k contributions, health insurance, a

18   car, phone, email, vacation and bonuses. Plaintiff did her job in a manner that exceeded expectations

19   and in her last review was lauded by her manager Defendant BREDENBERG as worthy of praise for

20   having done an excellent job in a manner that was, in his words, **quiet and efficient**. In addition to

21   working in an exemplary manner "quietly and efficiently", Defendant BREDENBERG also lauded

22   Plaintiff as a "good role model" for other employees. At all times herein Defendant EMPLOYER was

23   aware that Plaintiff comported herself in her work activities in a completely professional, excellent,

24   efficient and appropriate manner, which exceeded Defendant's expectations and standards. At no time

25   had Plaintiff published any statement that was negative as to Defendant EMPLOYER.

26        13. Defendant EMPLOYER had written policies addressing personnel behavior. It did not

27   have any written policy addressing off work conduct or political speech. Defendant EMPLOYER's

28   written social media policy violated California law, Cal. Labor Code §980, and required employees

1 to divulge personal social media. Defendant EMPLOYER's social media policy stated that employees

2 would be required to disclose the content of personal social media, however, it assured employees they

3 would be treated fairly if an issue concerning personal social media arose, and specifically stated that

4 it had a progressive discipline policy relating to matters published by employees themselves on social

5 media during work. However, as stated below, notwithstanding having a progressive discipline policy

6 for employees who themselves published matters on social media during work hours, in which it

7 would investigate, provide support, and progressive discipline, Defendant EMPLOYER did not abide

8 by its own policies and procedures or the law as to Plaintiff.

9 **Defendant PV's illegal recording of Plaintiff and publication of misleading, incomplete**

10 **content taken out of context:**

11     14. On November 10, 2015, Plaintiff received a phone call inviting her to assist with research

12 of an issue by politician Kamala Harris.[4] The caller asked for a private meeting, to which Plaintiff

13 agreed.  The caller did not ask for any personal information from Plaintiff and Plaintiff was led to

14 believe the purpose of the meeting was to obtain research, anonymously, to assist Kamala Harris in

15 formulating policy.

16     15. On November 11, 2015, during her personal time, Plaintiff attended the private meeting

17 which had been set up by the caller for a private location.  At no time was Plaintiff aware she was

18 being recorded.  Plaintiff did not intend for her comments to be used other than as anonymous research

19 to assist Kamala Harris in formulating policy.  Plaintiff did not consent to be recorded or for her

20 comments to be used other than as anonymous research.

21     16.  Two individuals attended the meeting, one young female, Defendant MAASS who

22 provided Plaintiff with a card containing the name "Alyssa Harris", with the title "project manager",

23 and the words "Breakthrough Dev Group" and a logo, and a young male, who Plaintiff believes was

24 either Defendant O'KEEFE or HARTSOCK. Both engaged Plaintiff in a private conversation. They

25 used hidden recording devise to record Plaintiff both through audio and visuals of the private

26 conversation, without Plaintiff's knowledge or consent. Plaintiff was asked for and expressed a variety

27

28

[4] At that time Kamala Harris was the Attorney General of the State of California.

1    of opinions on political subjects including but not limited to government contracts for educational

2    materials, donations from publishers of educational materials to political candidates, the politics of

3    educational materials sales, the politics of "common core" curriculum, the content of "common core"

4    curriculum, politics, age, race, religion, ancestry, gender, sexuality, and how these subjects were

5    covered in educational materials.   The private conversation which occurred was one in which

6    Plaintiff's comments expressed only her personal beliefs, the conversation was not structured or formal

7    and Plaintiff made varied remarks, ranging from opinion and belief to sarcasm and jest.  Plaintiff

8    thought nothing of the private conversation in the following months.

9    **Defendant CENGAGE's wrongful termination of Plaintiff:**

10        17.  On January 21, 2016, Defendant BREDENBERG texted Plaintiff and told her to call him

11    right away.  He then sent Plaintiff an email notifying her that video of her was on the internet and

12    specifically on "Breitbart."

13        18.  On January 21, 2016, at approximately 10:15 a.m., Defendants BREDENBERG and

14    ROYAL called Plaintiff because video of her was on the "Breitbart website".  They asked Plaintiff to

15    explain and to divulge the content of her personal social media.  Plaintiff was in shock and informed

16    them that a few months earlier, during her personal time, she had attended a private meeting relating

17    to obtaining information to assist consultants who were researching for Kamala Harris, that the video

18    was of portions of the meeting, that at no time was she aware she was being recorded, that she did not

19    intend for her comments to be used other than as anonymous research to assist Kamala Harris to

20    formulate policy, which is what she recalled being told by the individuals who contacted her, that she

21    did not consent to be recorded or for her comments to be used other than as anonymous research.

22    Defendants BREDENBERG and ROYAL did not reply.  She told them that her personal social media

23    already contained threats.  Defendants BREDENBERG and ROYAL did not ask her questions about

24    the actual video or review it with her, or give her an opportunity to explain and demonstrate that it was

25    misleading, incomplete and many of her comments were taken out of context.  They did not give her

26    the opportunity to explain comments that were personal political opinions or beliefs.  Plaintiff relied

27    upon the fact that Defendants were aware of her excellent professional behavior, as in her last review

28    she was lauded by Defendant BREDENBERG to have done her work "quietly and efficiently" and

02/08/2017

1   Defendants specifically referred to Plaintiff as a "good role model" for other employees.  At all times
2   herein Defendant EMPLOYER was aware that Plaintiff comported herself in her work activities in a
3   completely professional, excellent, quiet, efficient manner.

4       19.   On January 21, 2016, at approximately 10:30 a.m., without any further contact or
5   investigation, Defendant CENGAGE's HR representative called and suspended Plaintiff, shutting off
6   her email without any explanation or investigation.  Plaintiff was not even asked what occurred.
7   Plaintiff was in shock and disbelief.  Plaintiff became physically ill.

8       20.   On January 21, 2016, at approximately 11:00 a.m., Plaintiff called Defendants
9   BREDENBERG and ROYAL to find out what was going on.  Defendant BREDENBERG claimed not
10  to know about her suspension.  Neither stated that they knew what was going to occur, or offered to
11  assist her.  Plaintiff was in extreme shock and distress.  Plaintiff's personal information remained on
12  Defendants website.

13      21.   On January 21, 2016, at approximately 11:30 a.m., Plaintiff spoke again with Defendants
14  BREDENBERG and ROYAL to go over the work that needed to be covered.  Defendant ROYAL
15  insisted that Plaintiff inform him of everything she had said at the meeting.  Plaintiff told Defendants
16  again that it was a private meeting, which took place on her own time.  Plaintiff told Defendants that
17  she was asked for and expressed a variety of opinions on subjects including but not limited to
18  government contracts for educational materials, donations from publishers of educational materials
19  to political candidates, the politics of educational materials sales, the politics of "common core"
20  curriculum, the content of "common core" curriculum, politics, age, race, religion, ancestry, gender,
21  sexuality, and how these subjects were covered in educational materials, but that Plaintiff's comments
22  clearly only expressed her personal beliefs, and content of the conversation was clearly personal and
23  private.  Plaintiff advised Defendants that the contents of the video did not accurately reflect her
24  opinions and beliefs and were clearly highly edited.  Plaintiff advised Defendants that she had included
25  in her comments many things that were positive, and that she had not made any comments about
26  Defendant CENGAGE, that she loved her work and was in shock and distress about what was
27  happening to her.

28      22.   Less than twenty four hours after being suspended, with no actual investigation of what

9
COMPLAINT

1    had occurred, but with the knowledge that the video of Plaintiff contained a private, off work

2    conversation of Plaintiff's personal beliefs on subjects including but not limited to government

3    contracts for educational materials, donations from publishers of educational materials to political

4    candidates, the politics of educational materials sales, the politics of "common core" curriculum, the

5    content of "common core" curriculum, politics, age, race, religion, ancestry, gender, sexuality, and how

6    these subjects were covered in educational materials, that Plaintiff's comments clearly only expressed

7    her personal beliefs, that the content of the conversation was clearly personal and private, that the

8    contents of the video did not accurately reflect her opinions and beliefs and were clearly highly edited,

9    Defendant without notice to Plaintiff, wrongfully terminated her employment.  On January 22, 2016,

10   Defendant MCDANIEL called Plaintiff and informed her she was fired.  The only explanation given

11   was that the Company was not "confident of how Plaintiff would represent Cengage".  Plaintiff told

12   Defendant MCDANIEL, as she had told Defendants BREDENBERG and ROYAL, that it was a

13   private meeting, which took place on her own time.  Plaintiff protested her firing by telling Defendant

14   MCDANIEL that she was asked for and expressed a variety of private opinions, not while working,

15   and not while a representative of CENGAGE, on subjects including but not limited to government

16   contracts for educational materials, donations from publishers of educational materials to political

17   candidates, the politics of educational materials sales, the politics of "common core" curriculum, the

18   content of "common core" curriculum, politics, age, race, religion, ancestry, gender, sexuality, and how

19   these subjects were covered in educational materials, that Plaintiff's comments clearly only expressed

20   her personal beliefs, and content of the conversation was clearly personal and private.  Plaintiff advised

21   Defendant MCDANIEL that the contents of the video do not reflect her true comments, were clearly

22   highly edited and that she had been set up.  Defendants did not investigate and Defendant MCDANIEL

23   told Plaintiff she did not care that Plaintiff had been set up.  Defendant MCDANIEL seemed very

24   angry.    Plaintiff was shocked and became physically ill.    Plaintiff sought medical care.

25   Notwithstanding her termination, Plaintiff's personal information remained on Defendants' website.

26   **In addition to their illegal conduct, Defendants PV and O'KEEFE publically state that**

27   **they know what they are doing is criminal, they intended to get Plaintiff fired and to damage**

28   **her:**

02/08/2017

23. At that time, Plaintiff was only aware of "Brietbart" publishing the video. Plaintiff herself had limited familiarity with or use of social media and political websites. Plaintiff did not know that Defendant PV was the producer of the videos. Plaintiff wrote Brietbart a cease and desist letter stating that she had been fired. Plaintiff then was further ridiculed by Defendants PV and O'KEEFE for her letter. Defendant O'KEEFE, on behalf of Defendant PV, publically stated that it was his intent to get Plaintiff fired and to damage her. Defendant O'KEEFE, on behalf of Defendant PV, admits his "crimes" and that his "undercover work" uses illegal "hidden video cameras" referring to his illegal recording activities as a "dark art" in which "his people" pose as representatives of politicians and lure individuals to be illegally recorded by falsely stating that their "consulting firm advises legislators." He specifically admitted in an interview about his activities in California "investigating Common Core" that Plaintiff did not know she was "being taped since we were posing as lobbyists". His stated goal is "to teach you a lesson and make you an unwilling internet sensation". He falsely publically labeled Plaintiff a "corrupt" "common core executive" , an "anti-American" who "doesn't seem to think too highly of Christianity" and that she "boasts about the easy money publishers make". Plaintiff is informed and believes that although he claims to undertake these illegal activities for the sake of some unstated public good as a "journalist" he mainly used the videos of Plaintiff to promote himself for his own financial gain.

24. As a result of Defendants' conduct, Plaintiff has lost income, benefits, 401k contributions, health insurance, car, phone, email, vacation and bonuses, became extremely emotionally distressed and physically ill. Plaintiff attempted to look for work but was black balled due to Defendants PV's ongoing publication and republication of the illegally recorded conversation and ridicule of her cease and desist request.

25. Plaintiff then filed a Complaint with the California DFEH. Plaintiff has received her right-to-sue letter and has filed this lawsuit within the statutory period of time required by law. Plaintiff's Complaint, and Right To Sue letter are attached hereto, incorporated herein by this reference as Exhibit "A" and served herewith.

26. From the time the video was published until only a few weeks ago, the identity of Defendants PV's "operatives" was unknown. However, Defendants MAASS and HARTSOCK were

1 | recently caught using the pseudonyms stated herein while engaging in similar activities for Defendant

2 | PV, thus Plaintiff proceeds against them in their true names.

3 |     27. Plaintiff is informed and believes that the PV Defendants not only know that their conduct

4 | is illegal, they intentionally and purposefully continue to illegally record individuals like Plaintiff in

5 | California knowing it is illegal to do so.  They publically state that it is their goal to get people fired,

6 | and that they will act illegally to do so.

7 |     28.  Defendant HARTSOCK is a self described "film maker."  Plaintiff is informed and

8 | believes he previously participated in the illegal recording activities of Defendant O'KEEFE in

9 | California, and in addition to illegally recording Plaintiff, has planned, recorded and directed other

10 | illegal O'KEEFE productions. Defendant O'KEEFE and HARTSOCK became notorious for recording

11 | a video of an employee of a entity known as ACORN in 2009.  Plaintiff is informed and believes that

12 | Defendant O'KEEFE illegally recorded an ACORN worker in California, which resulted in his

13 | prosecution by the California Attorney General.  Defendant O'KEEFE provided "the full, unedited

14 | videotapes" of his illegal ACORN recordings to the California Attorney General's office who,

15 | therefore, "did not determine if they violated California's Invasion of Privacy Act," in exchange for

16 | "immunity from prosecution" for penal code violations in California.  The Attorney General's report

17 | included the admonition that the illegally recorded ACORN worker may "bring a private suit against

18 | O'KEEFE for recording a confidential conversation without consent."  Public records reflect that

19 | thereafter one of the employees did so, suing Defendant O'KEEFE for violations of California Penal

20 | Code, claims which O'KEEFE settled by paying $100,000.00 and his Co-conspirator paying

21 | $50,000.00 as a result of the same illegal recording tactic used on Plaintiff.  Defendant O'KEEFE

22 | publically states that he knows his recordings in California are illegal, but that he intentionally and

23 | knowingly violates the law with the goal to inflict damges on those he illegally records.  Defendant

24 | HARTSOCK describes himself as "long-time collaborator with James O'Keefe, ... [who]  produced

25 | B-roll footage for the videos that brought down ACORN," thus Defendant HARTSOCK also

26 | intentionally knowingly has violated California law.

27 |     29. Plaintiff is informed and believe that during the same period Defendants illegally recorded

28 | Plaintiff they recorded other individuals in the State of California without their knowledge and

02/08/2017

---

12

1   consent. But most importantly, Plaintiff is informed and believes that Defendants PV, O'KEEFE and

2   HARTSOCK, knowing that the ACORN recordings violated California law and resulted in Defendant

3   O'KEEFE's criminal prosecution, knew what they were doing was illegal and did so intentionally.

4   Defendant O'KEEFE has publically stated that he is aware that Defendant's activities in California and

5   other states with similar laws are illegal but that he will continue to violate California law with

6   impunity.

7         30. Plaintiff is informed an believes that Defendant MAASS knew Plaintiff was being illegally

8   recorded. Plaintiff is informed and believe that MAASS is aware of Defendants' previous illegal

9   conduct in California and that her conduct was illegal under California law.

10         31. Plaintiff is informed and believes that after Defendants PV, O'KEEFE, MAASS and

11   HARTSOCK obtained the illegal recording of Plaintiff, Defendants PV, O'KEEFE and HARTSOCK

12   edited and produced it into a video that Defendants PV, O'KEEFE and HARTSOCK published on

13   PV's website and Youtube in violation of the California Penal Code. Plaintiff is informed and believes

14   that Defendants PV, O'KEEFE and HARTSOCK were responsible for planning, scripting, producing,

15   directing, and using false pretenses to obtain a private meeting with Plaintiff, where they illegally

16   recorded her, then edited, produced and disseminated an elaborate, inaccurate and illegal recording of

17   the private meeting with the intent of causing Plaintiff to be terminated from her employment and

18   damaged. Plaintiff is informed and believes that Defendant PV used certain portions of the illegally

19   recorded private conversation for its website, Youtube, and other public presentations, in a produced

20   video format, with animated caricatures of Plaintiff, containing highly edited and inaccurate

21   representations of her private statements, which were published without her knowledge or consent, in

22   order to promote itself and Defendant O'KEEFE, for their self-aggrandizement, to increase their self

23   professed "celebrity" status and for their own financial gain. Accordingly, Plaintiff brings this suit.

24                          **FIRST CAUSE OF ACTION**

25                          **Breach of Express Contract**

26           **(by Plaintiff Against Defendant EMPLOYER, Does 5-100)**

27         32. Plaintiff realleges the Statement of Case, Factual Background and all preceding paragraphs

28   of the Preliminary Allegations and incorporates the same herein by reference.

1    33. Upon the inception of her employment, Plaintiff and Defendant EMPLOYER entered into

2    an oral employment contract pursuant to which Plaintiff agreed to work for Defendant EMPLOYER.

3    34.  Pursuant to said employment agreement, Defendant EMPLOYER expressly promised

4    Plaintiff's employment would continue as long as she performed satisfactorily and obeyed all

5    reasonable and lawful directions, rules and regulations of her employment. Defendant EMPLOYER,

6    through its agents and employees, expressly promised and assured Plaintiff the Defendant

7    EMPLOYER and its agents and employees could not act arbitrarily in dealing with Plaintiff.

8    35.  Plaintiff has performed each and every condition and covenant required on her part to be

9    performed pursuant to said employment agreement.  Plaintiff performed the duties required of her

10   during the duration of her employment.

11   36. Defendant EMPLOYER breached said employment agreements by illegally and wrongfully

12   terminating Plaintiff's employment.

13   37.  As a direct and foreseeable result of said conduct, Plaintiff has suffered damages in an

14   amount to be proven.  Said damages include lost wages, benefits, emotional distress and certain other

15   incidental and consequential expenses and losses including but not limited to all damages pursuant to

16   Civil Code §3300.  Said damages were a foreseeable result of Defendant EMPLOYER's wrongful

17   conduct and wrongful termination of Plaintiff's employment.

18                          **SECOND CAUSE OF ACTION**

19                          **Breach of Implied Contract**

20                  **(by Plaintiff Against Defendant EMPLOYER, Does 5-100)**

21   38. Plaintiff realleges the Statement of Case, Factual Background and all preceding paragraphs

22   of the Preliminary Allegations and incorporates the same herein by reference.

23   39. Upon the inception of her employment, Plaintiff and Defendant EMPLOYER entered into

24   an oral employment contract pursuant to which Plaintiff agreed to work for Defendant EMPLOYER.

25   40.  In addition to the express contract, implied in the contract and implied  by Defendants'

26   policies and conduct was the promise that Plaintiff's employment would continue as long as she

27   performed satisfactorily and obeyed all reasonable and lawful directions, rules and regulations of her

28   employment. Defendant EMPLOYER, through its agents and employees, policies and conduct assured

1  Plaintiff that Defendant EMPLOYER and its agents and employees could not act arbitrarily in dealing

2  with Plaintiff.

3       41.  Plaintiff has performed each and every condition and covenant required on her part to be

4  performed pursuant to said employment agreement.  Plaintiff performed the duties required of her

5  during the duration of her employment.

6       42.  Defendant EMPLOYER breached said employment agreements by illegally and wrongfully

7  terminating Plaintiff's employment.

8       43.  As a direct and foreseeable result of said conduct, Plaintiff has suffered damages in an

9  amount to be proven.  Said damages include lost wages, benefits, emotional distress and certain other

10 incidental and consequential expenses and losses including but not limited to all damages pursuant to

11 Civil Code §3300.  Said damages were a foreseeable result of Defendant EMPLOYER's wrongful

12 conduct and wrongful termination of Plaintiff's employment.

13                    **THIRD CAUSE OF ACTION**

14           **Breach of the Covenant of Good Faith and Fair Dealing**

15           **(by Plaintiff against Defendant EMPLOYER, Does 5-100)**

16       44.  Plaintiff repeats and realleges all paragraphs of the preceding allegations herein and

17 incorporates said paragraphs as though set forth in full in this Cause of action.

18       45.  Into the relationship between Plaintiff and Defendant EMPLOYER, the laws of the State

19 of California imply a covenant of good faith and fair dealing.  This covenant requires each party to the

20 employment contract act with fairness and good faith toward the other, and neither party nor their

21 agents or employees should take any action to prevent the other from reaping the benefits of the

22 relationship.  The covenant further requires the Defendant EMPLOYER refrain from needless injury

23 or damage to the Plaintiff.  The covenant further requires Defendant EMPLOYER to conform to all

24 laws of the State of California and to refrain from violating any laws which detrimentally affect

25 Plaintiff.  The covenant further requires Defendant EMPLOYER to maintain a workplace free from

26 unfair, illegal or arbitrary conduct, and to afford Plaintiff the benefits of all rules and regulations

27 adopted for her protection.  The above said acts of Defendant EMPLOYER, its agents and employees,

28 constitute a breach of the covenant of good faith and fair dealing, said breach is a substantial factor



1 | causing damage to the Plaintiff.

2 |        46. At the time Plaintiff entered into the employment relationship, the parties were not in equal
3 | positions, Defendant EMPLOYER dictated the terms of the contract, Plaintiff had no option but to
4 | agree to the terms of the contract or not be hired. This unequal bargaining position was created as a
5 | result of Defendant EMPLOYER being a business entity with financial backing and established
6 | practices and procedure and Plaintiff being in need of job security. Plaintiff was in a position where
7 | she had to trust Defendant EMPLOYER and agree to the employment agreement if she wanted
8 | employment to commence and continue. Defendant EMPLOYER knew of this position and Plaintiff's
9 | work ability and knew that she relied upon it for financial security, peace of mind and future
10 | protection.

11 |        47. Plaintiff entered into the contracts to secure peace of mind, comfort, happiness, personal
12 | esteem and financial security. In reliance on the contracts, Plaintiff did not seek other employment,
13 | accepted the position with Defendant EMPLOYER and remained employed in reliance upon its
14 | express and implied promises as mentioned herein.

15 |        48. Defendant EMPLOYER and its agents and employees, at all times knew or should have
16 | known the Defendant EMPLOYER was committing wrongful acts and omissions against Plaintiff.

17 |        49. Said action on the part of the Defendant EMPLOYER and its agents and employees
18 | constituted bad faith actions extraneous to the contracts with the intent and purpose of frustrating the
19 | contracts.

20 |        50. Defendant EMPLOYER's conduct was wrongful, in bad faith, and unfair, and therefore
21 | a violation of Defendant EMPLOYER's legal duties. At all relevant times Defendant EMPLOYER
22 | knew Plaintiff was entitled to her job and its actions of wrongfully terminating Plaintiff's employment
23 | were willful, malicious and wrongful, and were done with the intent of frustrating the employment
24 | contracts.

25 |        51. At all material times herein, Defendant EMPLOYER knew Plaintiff was relying on the
26 | financial benefits of her employment for the necessities of life. The conduct of Defendant
27 | EMPLOYER and its agents and employees as described herein above was outrageous and Plaintiff is
28 | therefore entitled to all compensatory, general and punitive damages provided for under the law.

## FOURTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (By Plaintiff Against Defendant EMPLOYER, Does 5-100)

52.  Plaintiff repeats and realleges all paragraphs of the preceding allegations herein and incorporates said paragraphs as though set forth in full in this Cause of action.

53.  Defendant EMPLOYER's conduct towards Plaintiff was wrongful, illegal, discriminatory, harassing, retaliatory and allowed Plaintiff to be subjected to discrimination, harassment and retaliation based upon her association with other's age (over 40) ancestry, color, race, religion, and her own race and gender, in violation of fundamental public policies of the State of California. Said policies are stated in California Business and Professions Code, Fair Employment and Housing Act (FEHA) (Gov. Code, §12900, *et seq.*), Labor Code §§96(k), 980, 1101, 1102 and 1102.5, the California Constitution, and other common laws. Defendants' wrongful conduct, as stated in Plaintiff's factual allegations and the preceding and following causes of action, violated the public policies of the State of California, resulting in wrongful job action and Plaintiff's wrongful termination from employment.

54.  As a direct and foreseeable result of the aforesaid acts of Defendant EMPLOYER, its agents and employees, Plaintiff lost income in an amount to be proven at the time of trial. Plaintiff has also incurred attorney fees. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code §3287 and/or any other provision of law providing for pre-judgment interest.

55.  As a result of the aforesaid acts of Defendant EMPLOYER, Plaintiff has become mentally upset, distressed and aggravated. Plaintiff claims general damages for such mental and emotional distress and aggravation in a sum to be proven at trial.

56.  Because of the acts taken toward Plaintiff, Defendant EMPLOYER, and its agents and employees, acted in a deliberate, cold, callous, malicious, despicable, fraudulent and intentional manner in order to injure and damage Plaintiff. Defendant EMPLOYER acted in conscious disregard of Plaintiff and such acts were oppressive and despicable. Plaintiff requests an assessment of punitive damages against Defendant in an amount to be proven at the time of trial.

---

17

COMPLAINT

## FIFTH CAUSE OF ACTION

### Violation of the California Constitution

### (By Plaintiff Against Defendant EMPLOYER, Does 5-100)

57.  Plaintiff repeats and realleges all the preceding paragraphs herein and incorporates said paragraphs as though set forth in this Cause of Action.

58.  The conduct described above and in Plaintiff's Factual Background is prohibited by Article I, Sections 1 and 8 of the California Constitution.  Said provisions state an independent prohibition against discrimination in employment.  There are no administrative prerequisites to a claim brought pursuant to said provision.

59.  As a proximate consequence of Defendants' wrongful acts as stated above, Plaintiff has suffered lost wages, benefits, incurred attorney's fees, suffered emotional distress, and other general and special damages.  Plaintiff seeks all damages as provided by law for the violation of her civil rights, including punitive damages pursuant to Civil Code §3294.

### SIXTH CAUSE OF ACTION

### Violation of California Government Code §12900, *et seq.*

### (By Plaintiff Against Defendant EMPLOYER, Does 5-100)

60.  Plaintiff repeats and realleges all the preceding paragraphs herein and incorporates said paragraphs as though set forth in this Cause of Action.

61.  Plaintiff, a Caucasian woman, over 40, was employed by Defendant EMPLOYER, from November 18, 2013, through Plaintiff's termination on January 22, 2016, wherein there existed a direct employer-employee relationship between Plaintiff and Defendant EMPLOYER.  Defendant EMPLOYER is a private employer subject to suit under the laws of the State of California including the Fair Employment and Housing Act (FEHA) (Gov. Code, §12900, *et seq.*) and administrative regulations thereto.  These laws prohibit both direct discrimination, harassment and retaliation and discrimination, harassment and retaliation by association.  The law prohibits the harassment, intimidation or denial of equal consideration of an employee due to Defendant EMPLOYER's and its manager's general disapproval of the employee's association with others because they are in a category enumerated by the Act or due to the perception that the employee sympathizes with, encourages or

1  participates in groups organized for the protection or assertion of rights protected by the Act as stated

2  in 2 CCR §11022. Defendants' termination of Plaintiff's employment was motivated by associational

3  discrimination, harassment and retaliation due to Defendant EMPLOYER's and its manager's general

4  disapproval of the fact that Plaintiff, an older white woman, made political statements outside of

5  work. Defendant EMPLOYER and its managers generally disapproved of Plaintiff's statements

6  because they perceived Plaintiff as being associated with other's religions, ancestry, gender, ethnicities,

7  in a manner they believed was damaging to Defendant EMPLOYER's reputation with its public and

8  private education customers. Defendants disapproved of what they believed was Plaintiff's advocacy

9  of certain other's minority religions, ancestry, gender, and ethnicities and associated Plaintiff with

10  those of certain political groups relating to age (over 40) ancestry, color, race, and religion of which

11  they disapproved.  Defendant EMPLOYER terminated Plaintiff's employment because of their

12  perception of her opinions about, and association with others protected by the Act, relying upon

13  Defendant PV's highly misleading videos and illegal recordings of Plaintiff and Defendant PV's false

14  public statements that Plaintiff made anti-American comments derogatory of the "old white men" who

15  founded the United States and complimented the inclusion of those of color, of different ancestries,

16  women and other religions, including Muslims, and matters relating to sexuality and mistreatment of

17  women into the common core curriculum.  Defendant EMPLOYER's conduct was also directly

18  discriminatory, harassing and retaliatory against Plaintiff, who as an older white woman was expected

19  by Defendant EMPLOYER and its predominantly white older male managers to be "quiet" and not

20  express opinions about the subjects stated herein including her opinions about the "old white men"

21  who founded the country. Defendants' wrongful conduct is stated in the Factual Background of this

22  complaint, which is incorporated herein by this reference.  Plaintiff had no intention of leaving her

23  position and wanted to continue to work for Defendant EMPLOYER until Defendants wrongfully

24  terminated her employment.

25      62. Defendant EMPLOYER incurred a duty to its employees to maintain a work environment

26  that was free from wrongful conduct on the bases above, and to hire and supervise employees in a

27  manner likely to achieve that end.  These duties were breached by Defendants, and each of them.

28      63. Plaintiff has filed her Complaint with the California Department of Fair Employment and

1  Housing pursuant to §12900, *et. seq.*, of the <u>Government Code</u> within one year from the alleged

2  conduct, alleging that the above-described acts established a violation of <u>Government Code</u> §12900,

3  *et. seq.*, among other laws and statutes against all Defendants.  Plaintiff has complied with all

4  administrative prerequisites to suit.  <u>See</u>, Exhibit "A".

5      64.  As a proximate consequence of Defendants' wrongful acts as stated above, Plaintiff has

6  suffered lost wages, benefits, incurred attorney's fees, suffered emotional distress, and other general

7  and special damages.

8      65.  Defendants' actions were malicious, despicable, fraudulent, willful, reckless, and exhibited

9  a conscious disregard of the rights of Plaintiff.  Accordingly, Plaintiff is entitled to punitive damages

10  according to proof, per statute and <u>Civil Code</u> §3294.

11                    **SEVENTH CAUSE OF ACTION**

12          **Violation of <u>California Government Code</u> §12900, *et seq.***

13    **(By Plaintiff Against Defendants BREDENBERG, ROYAL, MCDANIEL, Does 5-100)**

14      66.  Plaintiff repeats and realleges all the preceding paragraphs herein and incorporates said

15  paragraphs as though set forth in this Cause of Action.

16      67.  Plaintiff, a Caucasian woman, over 40, was employed by Defendant EMPLOYER, and

17  managed by managers, from November 18, 2013, through Plaintiff's termination on January 22, 2016,

18  wherein there existed a direct employer-employee relationship between Plaintiff and Defendant

19  EMPLOYER.   Defendant EMPLOYER operates through its managing agents, Defendants

20  BREDENBERG, ROYAL, MCDANIEL, and Does 5-100, who are subject to suit under the laws of

21  the State of California including the Fair Employment and Housing Act (FEHA) (Gov. Code; §12900,

22  *et seq.*), for harassment and the administrative regulations thereto which prohibit aiding and abetting

23  Defendant EMPLOYER's conduct.  2 CCR §11020.  Defendants BREDENBERG, ROYAL,

24  MCDANIEL, and Does 5-100, are prohibited by FEHA and administrative regulations thereto from

25  harassment based upon association. The law prohibits the harassment, intimidation or denial of equal

26  consideration of an employee due to Defendant EMPLOYER's and its manager's general disapproval

27  of the employee's association with others because they are in a category enumerated by the Act or due

28  to the perception that the employee sympathizes with, encourages or participates in groups organized

1  for the protection or assertion of rights protected by the Act as stated in 2 CCR §11022.  Defendants

2  manager's conduct and participation in the termination of Plaintiff's employment, without any

3  investigation, was harassing as it was motivated by Defendant manager's general disapproval of the

4  fact that Plaintiff, a white woman, made political statements outside of work.  Defendant's managers

5  conduct was harassment because it was motivated by their generally disapproval of Plaintiff's

6  statements because they perceived her as associated with other's religions, ancestry, gender, ethnicities,

7  in a manner they believed was damaging to Defendant EMPLOYER's reputation with its public and

8  private education customers.    Defendant's  managers conduct was harassment because Defendants

9  disapproved of what they believed was Plaintiff's advocacy of certain other's minority religions,

10  ancestry, gender, and ethnicities and associated Plaintiff with those of certain political groups relating

11  to age (over 40) ancestry, color, race, and religion of which they disapproved.  Defendant manager's

12  conduct of participating in EMPLOYER's termination of Plaintiff's employment because of their

13  perception of her opinions about, and association with others protected by the Act, relying upon

14  Defendant PV's highly misleading videos and illegal recordings of Plaintiff and Defendant PV's false

15  public statements that Plaintiff made anti-American comments derogatory of the "old white men" who

16  founded the United States and complimented the inclusion of those of color, of different ancestries,

17  women and other religions, including Muslims, and matters relating to sexuality and mistreatment of

18  women into the common core curriculum, without an investigation, was harassment.  Defendant

19  EMPLOYER's managers' conduct was also harassment of Plaintiff, who as an older white woman was

20  expected by Defendant EMPLOYER and its predominantly white older male managers to be "quiet"

21  and not express opinions about the subjects stated herein including her opinions about the "old white

22  men" who founded the country.  Defendants' wrongful conduct was so severe, that it resulted in the

23  denial of any investigation, and the immediate termination of Plaintiff's employment, as stated in the

24  Factual Background of this Complaint, which is incorporated herein by this reference.  Plaintiff had

25  no intention of leaving her position and wanted to continue to work for Defendant EMPLOYER until

26  Defendants wrongfully terminated her employment.

27        68. Defendant Managers incurred a duty to its employees to maintain a work environment that

28  was free from harassment on the bases above. These duties were breached by Defendants, and each

1  of them.

2       69.  Plaintiff has filed her Complaint with the California Department of Fair Employment and

3  Housing pursuant to §12900, *et. seq.*, of the <u>Government Code</u> within one year from the alleged

4  conduct, alleging that the above-described acts established a violation of <u>Government Code</u> §12900,

5  *et. seq.*, among other laws and statutes against all Defendants.  Plaintiff has complied with all

6  administrative prerequisites to suit.  <u>See</u>, Exhibit "A".

7       70.  As a proximate consequence of Defendants' wrongful acts as stated above, Plaintiff has

8  suffered lost wages, benefits, incurred attorney's fees, suffered emotional distress, and other general

9  and special damages.

10       71.  Defendants' actions were malicious, despicable, fraudulent, willful, reckless, and exhibited

11  a conscious disregard of the rights of Plaintiff.  Accordingly, Plaintiff is entitled to punitive damages

12  according to proof, per statute and <u>Civil Code</u> §3294.

13                         **EIGHTH CAUSE OF ACTION**

14               **Violation of California <u>Labor Code</u> §1198.5**

15         **(By Plaintiff Against Defendant EMPLOYER, Does 5-100)**

16       72.  Plaintiff repeats and realleges all paragraphs of the preceding allegations herein and

17  incorporates said paragraphs as though set forth in full in this Cause of action.

18       73.  Immediately upon her termination, Plaintiff requested all personnel records from

19  Defendant EMPLOYER. Plaintiff is entitled to her personnel records under the California Labor Code

20  and specifically §1198.5. To date, Defendant has failed to provide Plaintiff with her complete records,

21  and the records it did provide do not even reflect her termination.

22       74.  As a proximate consequence of Defendants' wrongful acts as stated above, Plaintiff has

23  suffered lost wages, benefits, incurred attorney's fees, suffered emotional distress, and other general

24  and special damages.

25       75.  Defendants' actions were malicious, despicable, fraudulent, willful, reckless, and exhibited

26  a conscious disregard of the rights of Plaintiff.  Accordingly, Plaintiff is entitled to punitive damages

27  according to proof, per statute and <u>Civil Code</u> §3294.

28

## NINTH CAUSE OF ACTION

### Violation of California Labor Code §980

### (By Plaintiff Against Defendant EMPLOYER, Does 5-100)

76.  Plaintiff repeats and realleges all paragraphs of the preceding allegations herein and incorporates said paragraphs as though set forth in full in this Cause of action.

77. Defendant EMPLOYER is prohibited by law from using social media relating to Plaintiff's off work activity, personal in nature, in which she expresses her personal political beliefs as a basis for Plaintiff's termination. Both California Labor Code §§980 and 1101 specifically prohibited Defendant EMPLOYER from accessing personal social media about Plaintiff, requiring Plaintiff to access personal social media in the presence of the employer, requiring Plaintiff to divulge any personal social media, threatening to discharge, and discharging Plaintiff for not complying with a request or demand by the employer relating to social media. Defendant EMPLOYER incurred a duty to its employees to maintain a work environment that was free from wrongful conduct on the bases above, not to maintain policies that violated these laws and to hire and supervise employees in a manner likely to achieve that end. These duties were breached by Defendants, and each of them, as stated in Plaintiff's factual allegations.

78.  As a proximate consequence of Defendants' wrongful acts as stated above, Plaintiff has suffered lost wages, benefits, incurred attorney's fees, suffered emotional distress, and other general and special damages.

79.  Defendants' actions were malicious, despicable, fraudulent, willful, reckless, and exhibited a conscious disregard of the rights of Plaintiff. Accordingly, Plaintiff is entitled to punitive damages according to proof, per statute and Civil Code §3294.

## TENTH CAUSE OF ACTION

### Violation of California Labor Code §1101

### (By Plaintiff Against Defendant EMPLOYER, Does 5-100)

80.  Plaintiff repeats and realleges all paragraphs of the preceding allegations herein and incorporates said paragraphs as though set forth in full in this Cause of action.

81. Defendant EMPLOYER is prohibited by law from making, adopting, or enforcing any rule,

1  regulation, or policy that forbids or prevents employees from engaging or participating in politics, or

2  which controls, directs or has the tendency to control or direct the political activities or affiliations of

3  employees. Defendant EMPLOYER incurred a duty to its employees to maintain a work environment

4  that was free from wrongful conduct on the bases above, and to hire and supervise employees in a

5  manner likely to achieve that end.  These duties were breached by Defendants, and each of them, as

6  stated in Plaintiff's factual allegations.

7       82.  As a proximate consequence of Defendants' wrongful acts as stated above, Plaintiff has

8  suffered lost wages, benefits, incurred attorney's fees, suffered emotional distress, and other general

9  and special damages.

10       83.  Defendants' actions were malicious, despicable, fraudulent, willful, reckless, and exhibited

11  a conscious disregard of the rights of Plaintiff.  Accordingly, Plaintiff is entitled to punitive damages

12  according to proof, per statute and Civil Code §3294.

13  **ELEVENTH CAUSE OF ACTION**

14  **Violation of California Labor Code §1102**

15  **(By Plaintiff Against Defendant EMPLOYER, Does 5-100)**

16       84.  Plaintiff repeats and realleges all paragraphs of the preceding allegations herein and

17  incorporates said paragraphs as though set forth in full in this Cause of action.

18       85.  Defendant EMPLOYER is prohibited by law from making, adopting, or enforcing any rule,

19  regulation, or policy that forbids or prevents employees from engaging or participating in politics, or

20  which controls, directs or has the tendency to control or direct the political activities or affiliations of

21  employees. Defendant EMPLOYER incurred a duty to its employees to maintain a work environment

22  that was free from wrongful conduct on the bases above, and to hire and supervise employees in a

23  manner likely to achieve that end.  Defendant EMPLOYER is prohibited by law from coercing,  or

24  influencing or attempting to coerce or influence employees through or by means of threat of discharge

25  or loss of employment to adopt or follow or refrain from adopting or following any particular course

26  or line of political action or political activity.  These duties were breached by Defendants, and each

27  of them, as stated in Plaintiff's factual allegations.

28       86.  As a proximate consequence of Defendants' wrongful acts as stated above, Plaintiff has

1 | suffered lost wages, benefits, incurred attorney's fees, suffered emotional distress, and other general

2 | and special damages.

3 |        87. Defendants' actions were malicious, despicable, fraudulent, willful, reckless, and exhibited

4 | a conscious disregard of the rights of Plaintiff.  Accordingly, Plaintiff is entitled to punitive damages

5 | according to proof, per statute and Civil Code §3294.

6 | **TWELFTH CAUSE OF ACTION**

7 | **Violation of California Labor Code §1102.5**

8 | **(By Plaintiff Against Defendants EMPLOYER, BREDENBERG, ROYAL, MCDANIEL,**

9 | **Does 5-100)**

10 |       88.  Plaintiff repeats and realleges all paragraphs of the preceding allegations herein and

11 | incorporates said paragraphs as though set forth in full in this Cause of action.

12 |       89.  Defendant EMPLOYER, or any person acting on behalf of Defendant EMPLOYER,

13 | including but not limited to Defendant managers BREDENBERG, ROYAL, MCDANIEL are

14 | prohibited by law from making, adopting, or enforcing any rule, regulation, or policy that forbids or

15 | prevents employees from disclosing information, or disciplining or discharging an employee because

16 | the they believe that the employee disclosed or may disclose information to another which information

17 | may disclose or relate to the violation of a law, or perceived violation of a law.  Defendants believed

18 | that Plaintiff disclosed that Defendants illegally obtained "adoptions" of its published materials, or

19 | engaged in illegal conduct to obtain the sales of its materials and wrongfully terminated her

20 | employment based upon this misperception.  Defendants' conduct violated the law, and Defendants

21 | breached their duties to Plaintiff as stated in the factual allegations above.

22 |       90.  As a proximate consequence of Defendants' wrongful acts as stated above, Plaintiff has

23 | suffered lost wages, benefits, incurred attorney's fees, suffered emotional distress, and other general

24 | and special damages.

25 |       91. Defendants' actions were malicious, despicable, fraudulent, willful, reckless, and exhibited

26 | a conscious disregard of the rights of Plaintiff.  Accordingly, Plaintiff is entitled to punitive damages

27 | according to proof, per statute and Civil Code §3294.

28 |

## THIRTEENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (By Plaintiff Against All Defendants, Does 1-100)

92.  Plaintiff repeats and realleges all the preceding paragraphs herein and incorporates said paragraphs as though set forth in this Cause of Action.

93.  As to the Employer Defendants, Does: When Defendant EMPLOYER and its managers committed the acts described in this Complaint, they did so deliberately and intentionally to cause Plaintiff to suffer humiliation, mental anguish, and emotional distress.  The outrageousness of the above-mentioned conduct is amplified due to the Defendants' abuse of their positions, which gives actual and apparent authority over Plaintiff, such as is commonly found in employment relationships. Defendants were aware Plaintiff was relying upon her employment to sustain herself. Defendants were aware that mistreating Plaintiff, and terminating her employment in the manner in which it did would cause Plaintiff, without notice, to suffer extreme emotional distress, and other consequential damages. The acts of Defendants, and each of them, cannot be expected to normally occur in the work place.

94.  As to the PV Defendants, Does: When Defendants committed the acts described in this Complaint, they did so deliberately and intentionally to cause Plaintiff to suffer humiliation, mental anguish, and emotional distress. The outrageousness of the above-mentioned conduct is amplified due to the Defendants' knowledge of the fact that they were committing a crime, and acting with the express purpose of injuring Plaintiff. Defendants were aware that mistreating Plaintiff would cause Plaintiff to suffer extreme emotional distress, and other consequential damages.

95.  The above said acts of the Defendants constituted intentional infliction of emotional distress against Plaintiff, and Defendants' conduct was outrageous and a substantial and/or determining factor in proximately causing damages and injury to Plaintiff.

96.  As a proximate consequence of Defendants' wrongful acts against Plaintiff, she has suffered lost wages, benefits, severe emotional distress, and other general and special damages.

97.  Defendants' actions were willful, reckless, and exhibited a conscious disregard of the rights of Plaintiff.  Accordingly, Plaintiff is entitled to punitive damages, according to proof.

## FOURTEENTH CAUSE OF ACTION

### Violation of Business & Professions Code §17200

### (By Plaintiff Against All Defendants, Does 1-100)

98. Plaintiff repeats and realleges all the preceding paragraphs herein and incorporates said paragraphs as though set forth in this Cause of Action.

99. Defendants their agents and employees', acts as specifically stated herein, constitute unfair business practices, which are illegal under California Business & Professions Code §17200 (which prohibits unfair competition, which includes unlawful, unfair, or fraudulent business acts or practices, and unfair, deceptive, or untrue acts). See also, Wilkinson v. Times Mirror Corp. (1989) 215 Cal.App.3d 1034, 1052 ("An employer's business practices concerning its employees are within the scope of Section 17200," citing People v. Los Angeles Palm, Inc. (1981) 121 Cal.App.3d 25).

100. As a proximate result of Defendant and their agents and employees', wrongful acts stated herein, Plaintiff suffered losses. Plaintiff pursues this action as a private attorney general. Plaintiff seeks disgorgement of any profit gained by Defendants due to its wrongful conduct, restitution, that any and all recordings of Plaintiff be removed and expunged, that any and all statements about Plaintiff be removed and expunged, and attorney's fees.

## FIFTEENTH CAUSE OF ACTION

### Violation of The Invasion of Privacy Act (Cal. Pen. Code §632)

### (By Plaintiff Against Defendants PV, O'KEEFE, MAASS, HARTSOCK, Does 1-100)

101. Plaintiff repeats and realleges all the preceding paragraphs herein and incorporates said paragraphs as though set forth in this Cause of Action.

102. Defendants' their agents and employees' acts as specifically stated herein, constitute criminal and unfair practices, which are illegal under California's Invasion of Privacy Act, California Penal Code §632 which prohibits " intentionally and without the consent of all parties to a confidential communication, using an electronic amplifying or recording device to eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio." Defendants did illegally record confidential communications as stated in Plaintiff's factual allegations.

1 | All Defendants did conspire to engage in said illegal activity in violation of California Penal Code and

2 | aid and abet each other in said illegal activity in violation of California Penal Code.

3 |     103.  As a proximate result of Defendants' and their agents and employees', wrongful acts

4 | stated herein, Plaintiff suffered losses.  Plaintiff pursues this action as a private attorney general.

5 | Plaintiff seeks disgorgement of any profit gained by Defendants due to their wrongful conduct,

6 | restitution, that any and all recordings of Plaintiff be removed and expunged, that any and all

7 | statements about Plaintiff be removed and expunged, and attorney's fees.  Plaintiff is entitled to

8 | penalties as provided by statute, $5,000.00 per violation and treble damages.

9 |     104.  As a proximate consequence of Defendants' wrongful acts against Plaintiff, she has

10 | suffered lost wages, benefits, severe emotional distress, and other general and special damages.

11 |     105.  Defendants' actions were willful, reckless, and exhibited a conscious disregard of the

12 | rights of Plaintiff.  Accordingly, Plaintiff is entitled to punitive damages, according to proof.

13 | **SIXTEENTH CAUSE OF ACTION**

14 | **Violation of The Invasion of Privacy Act (Cal. Pen. Code §647j)**

15 | **(By Plaintiff Against Defendants PV, O'KEEFE, MAASS, HARTSOCK, Does 1-100)**

16 |     106.  Plaintiff repeats and realleges all the preceding paragraphs herein and incorporates said

17 | paragraphs as though set forth in this Cause of Action.

18 |     107.  Defendants' their agents and employees' acts as specifically stated herein, constitute

19 | criminal and unfair practices, which are illegal under California's Invasion of Privacy Act, California

20 | Penal Code §647j which prohibits the use of a "motion picture camera" to observe Plaintiff in the

21 | "interior of any other area in which the occupant has a reasonable expectation of privacy, with the

22 | intent to invade the privacy of a person." Defendants did illegally record confidential communications

23 | in an area where Plaintiff had a reasonable expectation of privacy thereby invading her privacy as

24 | stated in Plaintiff's factual allegations. All Defendants did conspire to engage in said illegal activity

25 | in violation of California Penal Code and aid and abet each other in said illegal activity in violation

26 | of California Penal Code.

27 |     108.  As a proximate result of Defendants' and their agents and employees', wrongful acts

28 | stated herein, Plaintiff suffered losses.  Plaintiff pursues this action as a private attorney general.

1  Plaintiff seeks disgorgement of any profit gained by Defendants due to their wrongful conduct,

2  restitution, that any and all recordings of Plaintiff be removed and expunged, that any and all

3  statements about Plaintiff be removed and expunged, and attorney's fees. Plaintiff is entitled to

4  penalties as provided by statute $5,000.00 per violation and treble damages.

5       109.  As a proximate consequence of Defendants' wrongful acts against Plaintiff, she has

6  suffered lost wages, benefits, severe emotional distress, and other general and special damages.

7       110.  Defendants' actions were willful, reckless, and exhibited a conscious disregard of the

8  rights of Plaintiff. Accordingly, Plaintiff is entitled to punitive damages, according to proof.

9                         **SEVENTEENTH CAUSE OF ACTION**

10                   **Invasion of Privacy (Cal. Civ. Code §1708.8)**

11     **(By Plaintiff Against Defendants PV, O'KEEFE, MAASS, HARTSOCK, Does 1-100)**

12       111.  Plaintiff repeats and realleges all the preceding paragraphs herein and incorporates said

13  paragraphs as though set forth in this Cause of Action.

14       112.  Defendants' their agents and employees', acts as specifically stated herein, constitute

15  violations of Plaintiff's privacy under California Civil Code §1708.8. Defendants used false pretenses

16  to obtain Plaintiff's physical presence then illegally without her knowledge and consent recorded her

17  image and voice while engaging her in a private activity.  Pursuant to California Civil Code

18  §1708.8(b), a person is liable for constructive invasion of privacy when the person attempts to capture,

19  in a manner that is offensive to a reasonable person, any type of visual image, sound recording, or

20  other physical impression of the plaintiff engaging in a private, personal, or familial activity, through

21  the use of any device, regardless of whether there is a physical trespass, if this image, sound recording,

22  or other physical impression could not have been achieved without a trespass unless the device was

23  used. Defendants' conduct towards Plaintiff was offensive and outrageous, illegal and a violation of

24  her privacy under this and the other statutes stated herein. All Defendants did conspire to engage in

25  said illegal activity in violation of California Penal Code and aid and abet each other in said illegal

26  activity in violation of California Penal Code.

27       113.  As a proximate result of Defendants' and their agents and employees', wrongful acts

28  stated herein, Plaintiff suffered losses.  Plaintiff pursues this action as a private attorney general.

02/08/2017

1   Plaintiff seeks disgorgement of any profit gained by Defendants due to their wrongful conduct,

2   restitution, that any and all recordings of Plaintiff be removed and expunged, that any and all

3   statements about Plaintiff be removed and expunged, and attorney's fees.  Plaintiff is entitled to

4   penalties as provided by statute $5,000.00 per violation and treble damages.

5        114.  As a proximate consequence of Defendants' wrongful acts against Plaintiff, she has

6   suffered lost wages, benefits, severe emotional distress, and other general and special damages.

7        115.  Defendants' actions were willful, reckless, and exhibited a conscious disregard of the

8   rights of Plaintiff.  Accordingly, Plaintiff is entitled to punitive damages, according to proof.

9                          **EIGHTEENTH CAUSE OF ACTION**

10                         **Common Law Invasion of Privacy**

11       **(By Plaintiff Against Defendants PV, O'KEEFE, MAASS, HARTSOCK, Does 1-100)**

12       116.  Plaintiff repeats and realleges all the preceding paragraphs herein and incorporates said

13   paragraphs as though set forth in this Cause of Action.

14       117.  Plaintiff had a reasonable expectation of privacy as to the meeting with Defendants,

15   which they intentionally and purposefully led her to believe would be private.  Defendants' illegal

16   videotaping of Plaintiff and publication of the highly misleading and illegally obtained recording with

17   inaccurate and derogatory statements and caricatures of her was highly offensive.  Defendants' their

18   agents and employees', acts as specifically stated herein, constitute violations of Plaintiff's common

19   law privacy rights.  Defendants' conduct towards Plaintiff was offensive and outrageous, illegal and

20   a violation of her privacy under this and the other statutes stated herein. All Defendants did conspire

21   to engage in said illegal activity in violation of California Penal Code and aid and abet each other in

22   said illegal activity in violation of California Penal Code.

23       118.  As a proximate result of Defendants' and their agents and employees', wrongful acts

24   stated herein, Plaintiff suffered losses.  Plaintiff pursues this action as a private attorney general.

25   Plaintiff seeks disgorgement of any profit gained by Defendants due to their wrongful conduct,

26   restitution, that any and all recordings of Plaintiff be removed and expunged, that any and all

27   statements about Plaintiff be removed and expunged, and attorney's fees.

28       119.  As a proximate consequence of Defendants' wrongful acts against Plaintiff, she has

COMPLAINT

-cv-07472-GBD   Document 2-2   Filed 09/29/17   Page 32 of 50

suffered lost wages, benefits, severe emotional distress, and other general and special damages.

120. Defendants' actions were willful, reckless, and exhibited a conscious disregard of the rights of Plaintiff. Accordingly, Plaintiff is entitled to punitive damages, according to proof.

### NINETEENTH CAUSE OF ACTION

#### Public Exposure of Private Facts

**(By Plaintiff Against Defendants PV, O'KEEFE, MAASS, HARTSOCK, Does 1-100)**

121. Plaintiff repeats and realleges all the preceding paragraphs herein and incorporates said paragraphs as though set forth in this Cause of Action.

122. Plaintiff had a reasonable expectation of privacy as to the meeting with Defendants, which they intentionally and purposefully led her to believe would be private. Plaintiff disclosed private facts to Defendants because they misled her into believing they were obtaining private facts to assist Kamala Harris. Defendants' illegal videotaping of Plaintiff and publication of the private facts obtained illegally was highly offensive. Defendants' their agents and employees', acts as specifically stated herein, constitute violations of Plaintiff's common law privacy rights. Defendants' conduct towards Plaintiff was offensive and outrageous, illegal and a violation of her privacy under the common law and the other statutes stated herein. All Defendants did conspire to engage in said illegal activity in violation of California Penal Code and aid and abet each other in said illegal activity in violation of California Penal Code.

123. As a proximate result of Defendants' and their agents and employees', wrongful acts stated herein, Plaintiff suffered losses. Plaintiff pursues this action as a private attorney general. Plaintiff seeks disgorgement of any profit gained by Defendants due to their wrongful conduct, restitution, that any and all recordings of Plaintiff be removed and expunged, that any and all statements about Plaintiff be removed and expunged, and attorney's fees.

124. As a proximate consequence of Defendants' wrongful acts against Plaintiff, she has suffered lost wages, benefits, severe emotional distress, and other general and special damages.

125. Defendants' actions were willful, reckless, and exhibited a conscious disregard of the rights of Plaintiff. Accordingly, Plaintiff is entitled to punitive damages, according to proof.

## TWENTIETH CAUSE OF ACTION

### Public Exposure of Private Facts-False Light

**(By Plaintiff Against Defendants PV, O'KEEFE, MAASS, HARTSOCK, Does 1-100)**

126. Plaintiff repeats and realleges all the preceding paragraphs herein and incorporates said paragraphs as though set forth in this Cause of Action.

127. Plaintiff had a reasonable expectation of privacy as to the meeting with Defendants, which they intentionally and purposefully led her to believe would be private. Plaintiff disclosed private facts to Defendants because they misled her into believing they were obtaining private facts to assist Kamala Harris. Defendants' illegal videotaping of Plaintiff and publication the private facts obtained illegally publicized information or material that showed Plaintiff in a false light and was highly offensive. Defendants' their agents and employees', acts as specifically stated herein, constitute violations of Plaintiff's common law privacy rights. Defendants were negligent in determining the truth of the information or whether a false impression would be created by its publication. Defendants' conduct towards Plaintiff was offensive and outrageous, illegal and a violation of her privacy under the common law and the other statutes stated herein. All Defendants did conspire to engage in said illegal activity in violation of California Penal Code and aid and abet each other in said illegal activity in violation of California Penal Code.

128. As a proximate result of Defendants' and their agents and employees', wrongful acts stated herein, Plaintiff suffered losses. Plaintiff pursues this action as a private attorney general. Plaintiff seeks disgorgement of any profit gained by Defendants due to their wrongful conduct, restitution, that any and all recordings of Plaintiff be removed and expunged, that any and all statements about Plaintiff be removed and expunged, and attorney's fees.

129. As a proximate consequence of Defendants' wrongful acts against Plaintiff, she has suffered lost wages, benefits, severe emotional distress, and other general and special damages.

130. Defendants' actions were willful, reckless, and exhibited a conscious disregard of the rights of Plaintiff. Accordingly, Plaintiff is entitled to punitive damages, according to proof.

1    **TWENTY-FIRST CAUSE OF ACTION**

2    **Violation of Privacy- Use of Name or Likeness (Civ. Code §3344)**

3    **(By Plaintiff Against Defendants PV, O'KEEFE, MAASS, HARTSOCK, Does 1-100)**

4    131. Plaintiff repeats and realleges all the preceding paragraphs herein and incorporates said

5    paragraphs as though set forth in this Cause of Action.

6    132. Plaintiff had a reasonable expectation of privacy as to the meeting with Defendants,

7    which they intentionally and purposefully led her to believe would be private. Plaintiff disclosed

8    private facts to Defendants because they misled her into believing they were obtaining private facts

9    to assist Kamala Harris. Defendants illegally videotaped Plaintiff, then published her likeliness and

10   name without her consent, specifically for a commercial purpose, for financial gain and the self

11   promotion of Defendant O'KEEFE. Defendants did do in order to obtain income from events,

12   appearances and other commercial activities, and sales of books and or other media. Defendants

13   obtained commercial and financial gain from the use of Plaintiff's name and likeness, and illegally

14   publicized information or material that showed Plaintiff, in violation of California <u>Civil Code</u> §3344.

15   Defendants' their agents and employees', acts as specifically stated herein, constitute violations of

16   Plaintiff's common law privacy rights. Defendants' conduct towards Plaintiff was offensive and

17   outrageous, illegal and a violation of her privacy under the common law and the other statutes stated

18   herein. All Defendants did conspire to engage in said illegal activity in violation of California Penal

19   Code and aid and abet each other in said illegal activity in violation of California Penal Code.

20   133. As a proximate result of Defendants' and their agents and employees', wrongful acts

21   stated herein, Plaintiff suffered losses. Plaintiff pursues this action as a private attorney general.

22   Plaintiff seeks disgorgement of any profit gained by Defendants due to their wrongful conduct,

23   restitution, that any and all recordings of Plaintiff be removed and expunged, that any and all

24   statements about Plaintiff be removed and expunged, and attorney's fees. Plaintiff seeks damages as

25   provided by <u>Civil Code</u> §3344(a).

26   134. As a proximate consequence of Defendants' wrongful acts against Plaintiff, she has

27   suffered lost wages, benefits, severe emotional distress, and other general and special damages.

28   135. Defendants' actions were willful, reckless, and exhibited a conscious disregard of the

33

COMPLAINT

1  rights of Plaintiff.  Accordingly, Plaintiff is entitled to punitive damages, according to proof.

2  ### TWENTY-SECOND CAUSE OF ACTION

3  ### Negligence (Civ. Code §1708)

4  **(By Plaintiff Against Defendants PV, O'KEEFE, MAASS, HARTSOCK, Does 1-100)**

5  136.  Plaintiff repeats and realleges all the preceding paragraphs herein and incorporates said

6  paragraphs as though set forth in this Cause of Action.

7  137.  Plaintiff had a reasonable expectation of privacy as to the meeting with Defendants,

8  which they intentionally and purposefully led her to believe would be private.  Plaintiff disclosed

9  private facts to Defendants because they misled her into believing they were obtaining private facts

10  to assist Kamala Harris.  Defendants illegally videotaped Plaintiff, then published her likeliness and

11  name without her consent, specifically for a commercial purpose, for financial gain and the self

12  promotion of Defendant O'KEEFE.  Defendants did do in order to obtain income from events,

13  appearances and other commercial activities, and sales of books and or other media.  Defendants

14  obtained commercial and financial gain from the use of Plaintiff's name and likeness, and illegally

15  publicized information or material that showed Plaintiff in a false light, in violation of numerous laws,

16  as stated herein.  Defendants' their agents and employees' acts as specifically stated herein, were not

17  reasonable and constitute violations of Plaintiff's common law protection against unreasonable

18  conduct.  In addition Defendants' conduct towards Plaintiff was a violation of numerous statutes as

19  stated herein, and Civil Code §1708, and constitutes negligence per se. All Defendants did conspire

20  to engage in said illegal activity in violation of California Penal Code and aid and abet each other in

21  said illegal activity in violation of California Penal Code.

22  138.  As a proximate result of Defendants' and their agents and employees', wrongful acts

23  stated herein, Plaintiff suffered losses. Plaintiff pursues this action as a private attorney general.

24  Plaintiff seeks disgorgement of any profit gained by Defendants due to their wrongful conduct,

25  restitution, that any and all recordings of Plaintiff be removed and expunged, that any and all

26  statements about Plaintiff be removed and expunged, and attorney's fees. Plaintiff seeks damages as

27  provided by Civil Code  3344(a).

28  139.  As a proximate consequence of Defendants' wrongful acts against Plaintiff, she has

1  suffered lost wages, benefits, suffered severe emotional distress, and other general and special

2  damages.

3      140.  Defendants' actions were willful, reckless, and exhibited a conscious disregard of the

4  rights of Plaintiff.  Accordingly, Plaintiff is entitled to punitive damages, according to proof.

5                          **TWENTY-THIRD CAUSE OF ACTION**

6              **Intentional Interference With Prospective Economic Relations**

7      **(By Plaintiff Against Defendants PV, O'KEEFE, MAASS, HARTSOCK, Does 1-100)**

8      141.  Plaintiff repeats and realleges all the preceding paragraphs herein and incorporates said

9  paragraphs as though set forth in this Cause of Action.

10     142.  Defendants specifically chose Plaintiff to entrap because they believed that she was an

11  executive in the publishing business. Defendants obtained Plaintiff's name and information and knew

12  she worked for Defendant EMPLOYER. Defendants' intent was to disrupt the relationship between

13  Plaintiff and Defendant EMPLOYER. Defendant O'KEEFE has publically stated that it was his goal

14  to get people fired.  Plaintiff had a reasonable expectation of privacy as to the meeting with

15  Defendants, which they intentionally and purposefully led her to believe would be private.  Plaintiff

16  disclosed private facts to Defendants because they misled her into believing they were obtaining

17  private facts to assist Kamala Harris. Defendants illegally videotaped Plaintiff, then published her

18  likeliness and name without her consent, specifically for a commercial purpose, for financial gain and

19  the self promotion of Defendant O'KEEFE. Defendants did so in order to obtain income from events,

20  appearances and other commercial activities, and sales of books and or other media.  Defendants

21  obtained commercial and financial gain from the use of Plaintiff's name and likeness, and illegally

22  publicized information or material that showed Plaintiff in a false light, in violation of numerous laws,

23  as stated herein.  Plaintiff requested Defendants cease and desist and they refused to do so, instead

24  taunting Plaintiff that they were going to disclose more videos, which they did. Defendants' conduct

25  towards Plaintiff was a violation of numerous statutes as stated herein including Penal Code and Civil

26  Code violations.  Defendants' their agents and employees' acts as specifically stated herein, were

27  intentional and did disrupt the relationship between Plaintiff and Defendant EMPLOYER causing her

28  to be suspended and then fired.  Defendant O'KEEFE's refusal to cease and desist included his

1  statement that it was his goal was to get Plaintiff fired, thereby inciting his supporters to engage in

2  conduct intended to interfere with Plaintiff's relationship with Defendant CENGAGE.

3      143.  As a proximate result of Defendants' and their agents and employees' wrongful acts

4  stated herein, Plaintiff suffered losses. Plaintiff pursues this action as a private attorney general.

5  Plaintiff seeks disgorgement of any profit gained by Defendants due to their wrongful conduct,

6  restitution, that any and all recordings of Plaintiff be removed and expunged, that any and all

7  statements about Plaintiff be removed and expunged, and attorney's fees.

8      144.  As a proximate consequence of Defendants' wrongful acts against Plaintiff, she has

9  suffered lost wages, benefits, suffered severe emotional distress, and other general and special

10  damages.

11      145.  Defendants' actions were willful, reckless, and exhibited a conscious disregard of the

12  rights of Plaintiff.  Accordingly, Plaintiff is entitled to punitive damages, according to proof.

13      **WHEREFORE,** Plaintiff prays for judgment against Defendants according to proof as follows:

14      1.  For general damages, which for the purposes of any future default proceedings shall not

15  exceed $1,000,000.00;

16      2.  For special damages, which for the purposes of any future default proceedings shall not

17  exceed $1,000,000.00;;

18      3.  For interest on compensatory damages at the legal rate from the date of injury or pursuant

19  to Code of Civil Procedure §3291, which for the purposes of any future default proceedings shall not

20  exceed $1,000,000.00;

21      4.  For other compensatory damages for emotional distress and other economic and non-

22  economic losses; restitution of unpaid wages, which for the purposes of any future default proceedings

23  shall not exceed $1,000,000.00;

24      5.  Punitive and exemplary damages, which for the purposes of any future default proceedings

25  shall not exceed $1,000,000.00;

26      6.  Attorneys fees, which for the purposes of any future default proceedings shall not exceed

27  $1,000,000.00;

28      7.  For a preliminary and permanent injunction against the appropriate job position and to purge

1  Plaintiff's employment records of all derogatory information and to preclude the dissemination of that

2  information to prospective employers, employees or other persons;

3       8. For a preliminary and permanent injunction ordering that any and all recordings of Plaintiff

4  be removed and expunged, and that any and all statements about Plaintiff be removed and expunged;

5       9. For disgorgement of any profit gained by Defendants due to their wrongful conduct, and

6  restitution;

7       10. For costs and expenses of suit incurred herein, which for the purposes of any future default

8  proceedings shall not exceed $1,000,000.00; and

9       11. For other just and proper relief, which for the purposes of any future default proceedings

10  shall not exceed $1,000,000.00.

11

12  DATED: February 7, 2017

                              Gary Rand & Suzanne E. Rand-Lewis
13                            Professional Law Corporations

14
                              By: _____
15                                 Suzanne E. Rand-Lewis
16                                 Attorney for Plaintiff
                                   Kimberly Koerber

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758                                         DIRECTOR KEVIN KISH
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

February 09, 2016

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 520131-208869
Right to Sue: Koerber / Cengage Learning Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of
Fair Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. This case is not being investigated
by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to
Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

02/08/2017

JT EXHIBIT __A__

Deponent_____

Date_____ Rptr_____
WWW.DEPOBOOK.COM

  

STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

February 09, 2016

Kimberly Koerber
5990 Sepulveda Blvd.  630
Sherman Oaks, California 91411

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 520131-208869
Right to Sue: Koerber / Cengage Learning Inc.

Dear Kimberly Koerber,

This letter informs you that the above-referenced complaint was filed with the Department of Fair
Employment and Housing (DFEH) has been closed effective February 09, 2016 because an immediate
Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision
(b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against
the person, employer, labor organization or employment agency named in the above-referenced
complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity
Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure
or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

02/08/2017

  

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758                                    DIRECTOR KEVIN KISH
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Enclosures

cc: Cengage Learning Holdings II Inc.

ERIC BREDENBERG

Kristen McDaniel

Don Royal

02/08/2017

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of         DFEH No. 520131-208869
Kimberly Koerber, Complainant.
5990 Sepulveda Blvd.  630
Sherman Oaks,  California  91411

vs.

Cengage Learning Inc., Respondent.
5191 Natorp Blvd. Fl. 3
Mason,  Ohio 45040

Complainant alleges:

1. Respondent **Cengage Learning Inc.** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  Complainant believes respondent is subject to the FEHA.

2. On or around **January 21, 2016**, complainant alleges that respondent took the following adverse actions against complainant: Discrimination, Harassment, Retaliation Asked impermissible non-job-related questions, Denied a work environment free of discrimination and/or retaliation, Denied employment, Terminated, Other, any and all job actions, according to prooof..  Complainant believes respondent committed these actions because of their: Age - 40 and over, Ancestry, Color, Engagement in Protected Activity, Race, Religion, Sex- Gender, Sex - Gender identity or Gender expression, Sexual Orientation, Other any and all bases under the law..

3. Complainant **Kimberly Koerber** resides in the City of **Sherman Oaks**, State of **California**.  If complaint includes co-respondents please see below.

02/08/2017

DFEH 802-1

-5-
*Complaint – DFEH No. 520131-208869*

Date Filed: February 09, 2016

1

2   **Co-Respondents:**
    Cengage Learning Holdings II Inc.

3   2711 CENTERVILLE RD SUITE 400
    WILMINGTON  Delaware 19808

4

5   ERIC BREDENBERG
    5191 Natorp Blvd. Fl. 3
6   Mason  Ohio 45040

7   Kristen McDaniel
    5191 Natorp Blvd. Fl. 3
8   Mason  Ohio 45040

9   Don Royal
10  5191 Natorp Blvd. Fl. 3
    Mason  Ohio 45040

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 902-1

                                -6-
                        *Complaint – DFEH No. 520131-208869*
Date Filed: February 09, 2016

1
2   **Additional Complaint Details:**
3
4   I was discriminated against, harassed and retaliated againt, terminated from my
    employment in retaliation for having engaged in a protected activity, I exercised my right
    to free speech while not at work or working, in a confidential conversation. My lawful off
5   duty·comments included race, ethnicity, religion, ancestry, color, gender, and related
6   matters.  FEHA and Labor Code sections 1101 and 1102 protect employees from
    retaliation by their employer for engaging in political activity. Further, Labor Code
7   section 96(k) protects employees from retaliation for engaging in lawful off-duty
8   conduct.The First Amendment and the California Constitution protect employees
    engaging in free speech or other activities from retaliation. My investigation is continuing
9   and there may be more facts.
10
11
12
13
14
15
16
17
18
19
20
21
22

02/08/2017

DFEH 902-1

-7-
*Complaint – DFEH No. 520131-208869*

Date Filed: February 09, 2016

VERIFICATION

1

2    I, **Rand And Rand-Lewis PLCS**, am the Attorney for Complainant in the above-entitled complaint.   I have
     read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as
3    to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be
     true.

4
     On February 09, 2016, I declare under penalty of perjury under the laws of the State of California that the
5    foregoing is true and correct.

6                                                                                          Sherman Oaks CA
                                                                                      **Rand And Rand-Lewis PLCS**
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 902-1

                                                            -8-
                                              *Complaint – DFEH No. 520131-208869*

Date Filed: February 09, 2016

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Suzanne E. Rand-Lewis, Esq. (SBN 126219)
Gary Rand & Suzanne E. Rand-Lewis, Professional Law Corporations
5990 Sepulveda Boulevard, Suite 630
Sherman Oaks, California 91411-2523
TELEPHONE NO.: (818) 779-1720      FAX NO: (818) 779-1730
ATTORNEY FOR (Name): Plaintiff,Kimberly Koerber

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

FEB 08 2017

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy

CASE NAME:
Kimberly Koerber v. Cengage Learning Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: BC 6 4 9 6 7 8 |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | JUDGE: |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action (specify):  Twenty Three (23)
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 7, 2017

Suzanne E. Rand-Lewis
(TYPE OR PRINT NAME)                          ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

 

| SHORT TITLE: KOERBER v. CENGAGE LEARNING INC., ET AL. | CASE NUMBER |
|---|---|

### CIVIL CASE COVER SHEET ADDENDUM AND
### STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> ### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | | | |
| Auto (22) | ☐ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | | | |
| Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 1, 11 |
| | ☐ A7221 | Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260 | Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210 | Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240 | Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 | Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270 | Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: KOERBER v. CENGAGE LEARNING INC., ET AL. | | CASE NUMBER | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

 

| SHORT TITLE: KOERBER v. CENGAGE LEARNING INC., ET AL. | | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)

LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 3 of 4

| SHORT TITLE: KOERBER v. CENGAGE LEARNING INC., ET AL. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:**  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 111 N. Hill Street |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ____Central____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ____February 7, 2017____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

02/08/2017

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4