# EXHIBIT C



March 2, 2017

Mr. Russell Verney
Project Veritas
1214 West Boston Post Road NO 148
Mamaroneck, NY 10543

        Claim Number:     116890
        Insured:             Project Veritas
        Policy No.:          VNPL002153
        Claimant:          Kim Koerber

        CERTIFIED MAIL - RETURN RECEIPT REQUESTED & REGULAR MAIL

Dear Mr. Verney,

Vela Insurance Services, a W. R. Berkley Company, is an authorized administrator for Gemini Insurance Company.

We are in receipt of the suit filed in Los Angeles county California number BC649878 styled *Kimberly Koerber vs. Cengage Learning Inc.; Cengage Learning Holdings II Inc.; Eric Bredenberg; Kristen McDaniel; don Royal; Project Veritas; Project Veritas LLC; Project Veritas Action Fund; Breakthrough Dev Group; James O'Keefe III; Allison Maass; Doe Female Using the Pseudonym "Alyssa Harris"; Doe 2 FNU; Christian Haertsock; Doe 3 Male Using the Pseudonym "Steve Packard"; Doe 4 MNU; Does 5 through 100.* Counts 1-12 name Cengage, the plaintiff's former employer only. Count 13 alleges intentional infliction of emotional distress by all defendants. Count 14 alleges a violation of Business and Professions Code 17200 and seeks disgorgement of any profit gained by wrongful conduct. Count 15 alleges a violation of the Invasion of Privacy Act by Project Veritas, O'Keefe, Maass, and Hartsock in recording confidential information. Count 16 alleges a violation of the Invasion of Privacy Act in using a camera to observe the plaintiff. Count 17 alleges invasion of privacy in using false pretenses to obtain plaintiff's physical presence and record her. Count 18 alleges common law invasion of privacy. Count 19 alleges public exposure of private facts. Count 20 alleges public exposure of private facts-false light. Count 21 alleges a violation of privacy-use of name or likeness in publishing the plaintiff's likeness without consent. Count 22 alleges negligence per se in violating California Penal Code.

Count 23 alleges intentional interference with prospective economic relations. The suit seeks declaratory relief, compensatory damages, general damages, punitive damages, interest, attorney fees, and other relief. This matter was tendered for potential defense and/or indemnity under the above-captioned policy, issued by Gemini Insurance Company to Project Veritas.

Gemini Insurance Company issued to Project Veritas, a Professional Liability Insurance Policy, Policy No. VNPL002153 effective September 29, 2016 to September 29, 2017. The Policy includes a $1,000,000 Each Claim Limit and a $1,000,000 General Aggregate Limit with a $25,000 Per Claim deductible. There is a retroactive date of September 29, 2014.

We call to your attention VP 00 06 12 15, which states in pertinent part:

## I. INSURING AGREEMENT

The **Company** will pay on behalf of the **Insured** any **Loss** and **Claim Expenses** that the **Insured** shall become legally obligated to pay because of **Claims** for **Wrongful Acts**, provided that:

A. the **Claim** is first made against the **Insured** during the **Policy Period**;

B. the **Claim** arises out of **Wrongful Acts** committed by an **Insured** which first commenced on or after the **Retroactive Date**;

C. written notice of the **Claim** is received by the **Company** during the **Policy Period** or within sixty (60) days thereafter; and

D. prior to the inception date of this Policy no **Insured** knew, nor could have reasonably foreseen, any **Wrongful Acts** or other circumstances that reasonably might result in a **Claim** covered by this Policy.

## II. EXCLUSIONS

This Policy does not apply to any **Claim** and the **Company** will not pay any **Loss** or **Claim Expense** for any **Claim** alleging, arising out of, based upon, or attributable to any actual or alleged:

### B. Profit or Advantage
Gaining by any **Insured** of any profit or advantage to which the **Insured** was not legally entitled.

### C. Bodily Injury/Property Damage
Bodily Injury, sickness, disease or death of any person, including emotion distress or mental anguish, and any injury to, or destruction of, any tangible property, or **Loss** of use of any such tangible property.

## VII. DEFINITIONS

### A. Insured(s) means:

1. The **Named Insured** as listed on the Declarations Page;

2. Any **Subsidiary**;

3. Any partner, director or officer of the **Named Insured** or **Subsidiary**, but only while rendering **Professional Services** while the partner, director or officer is acting in their respective capacity as such;

4. Any employee of the **Named Insured** or **Subsidiary**, but only while rendering **Professional Services** on behalf of the **Named Insured** or **Subsidiary**;

5. Any former partner, director, officer, or employee of the **Name Insured** or **Subsidiary** but only with respect to **Professional Services** performed on behalf of the **Named Insured** or **Subsidiary** prior to the termination of that respective capacity;

6. The current spouse or domestic partner of any current partner, director, officer or employee of the **Named Insured** or **Subsidiary**, but solely with respect to the liability of such **Insured** that is otherwise covered by this Policy;

7. The heirs, executors, administrators, and legal representatives of any **Insured** in the event of death, incompetency, insolvency or bankruptcy of that **Insured**, but solely with respect to the liability of such **Insured** that is otherwise covered by this Policy; and

8. A limited liability company, if the **Named Insured** or any other **Insured** exists as such, along with all past and present members of any such limited liability company, but only while rendering **Professional Services** on behalf of the **Named Insured** or **Subsidiary**.

The Insuring Agreement covers Claims made for Wrongful Acts which are committed by Insureds in rendering Professional Services. As this arises out of your Professional Services, coverage has been triggered for the Project Veritas; Project Veritas LLC; Project Veritas Action Fund and its employees while acting on its behalf. The suit seeks disgorgement of any profit gained by defendants in wrongful conduct. Exclusion B would preclude any profit or advantage not legally entitled. The claimant also alleges emotional distress. Exclusion C cited above precludes coverage for any emotional distress claims. While the Policy's definition of Loss includes punitive damages where insurable, punitive damages are not insurable in California under section 533 of the California Insurance Code. Accordingly, to the extent the Claimants seek punitive damages, there would be no coverage.

Based on the above, we acknowledge this matter under a reservation of rights. We will continue to defend the suit for Project Veritas, Project Veritas LLC, Project Verita Action Fund and its employees only with the appointed firm of Litchfield Cavo. We do not waive any of our rights or any of the other provisions or conditions of the policy of insurance and specifically reserve all of our rights and remedies under this policy and under the statutes and common law.

If you have any further information relevant to this coverage determination, please forward it immediately and the information will be considered. If you have any questions regarding this letter, please do not hesitate to contact me.

Sincerely,

*Cathy Daly*

Cathy Daly, RPLU
Senior Professional Liability Claims Examiner
312-725-7657
cdaly@vela-ins.com

cc:

    NIF Group
    30 Park Avenue
    Manhasset, NY 11030-2444