# EXHIBIT K

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------x
AGUSTIN MALDONADO,                                    Index No.:

                             Plaintiff,                    **SUMMONS**

    -against-

JAMES O'KEEFE, in his professional and
personal capacities, PROJECT VERITAS and
PROJECT VERITAS ACTION FUND,

                            Defendants.
-------------------------------------------------------------x

To the above named Defendants:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within twenty (20) days after service of this summons, exclusive of the day of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    The basis of venue is the location in which the actions complained about took place and the plaintiff's county of residence.

    The nature of this action sounds in defamation per se, inter alia.

Dated: New York, New York
         September 22, 2015

                                         LAW OFFICES of EDWARD PEREZ, P.C.

                                         By: _____
                                              Edward Perez, Esq.
                                              *Attorneys for Plaintiff*
                                              233 Broadway, Suite 2348
                                              New York, New York 10279
                                              Tel: (212) 385-0603

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------x
AGUSTIN MALDONADO,

                Index No.:

           Plaintiff,      **VERIFIED COMPLAINT**

   -against-      DEMAND FOR JURY TRIAL

JAMES O'KEEFE, in his professional and
personal capacities, PROJECT VERITAS and
PROJECT VERITAS ACTION FUND,

           Defendants.
------------------------------------------------------------x

      Plaintiff, AGUSTIN MALDONADO, by his attorneys, Law Offices of Edward Perez, P.C., complaining of the Defendants, hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This is an action for declaratory, injunctive and equitable relief, as well as for monetary damages, including punitive damages, to redress acts of defamation, slander and libel per se, committed against Plaintiff by Defendants, including intentional infliction of emotional distress upon the Plaintiff.

2. Beginning on or about May 19, 2015, Plaintiff was and continues to be defamed and harassed by the within named Defendants, by the Defendants recording and publishing online a video, which includes narration and sub-text, in which Plaintiff is falsely portrayed as drinking alcohol while driving home from work. Plaintiff has suffered, and continues to suffer, loss of reputation, career and other psychological as well as

1

economic harm, as a direct result of the Defendants' reckless and purposeful actions.

## THE PARTIES

3. AGUSTIN MALDONADO (the "Plaintiff"), currently, and was at all times relevant and contemporaneous to the events related herein, an individual employed by the United States Department of Homeland Security, Transportation Security Administration, and holds the title of Lead Transportation Security Officer.

4. Defendant JAMES O'KEEFE, is, and was at all relevant times herein, a principal, director, officer, member and/or shareholder of the Defendant, PROJECT VERITAS, and of Defendant, PROJECT VERITAS ACTION FUND (collectively, referred to herein with JAMES O'KEEFE, as the "Defendants").

5. Upon information and belief, Defendant JAMES O'KEEFE, currently resides in the State of New York.

6. Defendant PROJECT VERITAS, is, and was at all relevant times herein, upon information and belief, an active Virginia not-for-profit corporation, duly registered with the New York State Department of State to conduct business within the State of New York and to receive service of process from the New York Department of State.

7. Defendant PROJECT VERITAS ACTION FUND, is, and was at all relevant times herein, upon information and belief, an active Virginia not-for-profit corporation, duly registered with the New York State Department of

2

State to conduct business within the State of New York and to receive service of process from the New York Department of State.

8. Defendants, PROJECT VERITAS and PROJECT VERITAS ACTION FUND, have an address located at 1214 West Boston Post Road, #148, Mamaroneck, New York 10543.

9. All parties to this action are of full age.

## JURISDICTION AND VENUE

10. This court has jurisdiction over the Defendant, JAMES O'KEEFE, as he is an individual working and/or residing in the State of New York.

11. This court has jurisdiction over the Defendants, PROJECT VERITAS and PROJECT VERITAS ACTION FUND, as such entities are duly registered with the New York State Department of State as active foreign not-for-profit corporations, which entities actively transact business within the State of New York and have a principal place of business located at 1214 West Boston Post Road, #148, Mamaroneck, New York 10543.

12. Venue is proper in the County of The Bronx because the Plaintiff currently resides in Bronx County and the incident involving the within action occurred in the Bronx.

## FACTUAL ALLEGATIONS

13. On May 19, 2015, the Plaintiff, AGUSTIN MALDONADO, was commuting home from his job as a "LTSO" (Lead Transportation Security Officer) with the U.S. Department of Homeland Security, Transportation

3

Security Administration, stationed at JFK International Airport in Jamaica, Queens.

14. During Plaintiff's commute home, Plaintiff drove his mini-van through Manhattan to pick-up his brother-in-law.

15. Plaintiff's brother-in-law boarded Plaintiff's vehicle at 44th Street and Lexington Avenue.

16. Plaintiff and his brother-in-law then proceeded to drive to the Bronx, the place of the brother-in-law's desired destination as well as the location of Plaintiff's residence.

17. At approximately 12:30pm, while the Plaintiff and his brother-in-law were near the intersection of Third Avenue and 149th Street in Bronx County, Defendant, JAMES O'KEEFE, accompanied by a passenger operating a video recording device, drove up adjacent to Plaintiff's vehicle.

18. Defendant, JAMES O'KEEFE, proceeded to address the Plaintiff in a loud, authoritative voice and questioned whether Plaintiff was drinking an alcoholic beverage.

19. The Plaintiff denied that he was drinking alcohol.

20. Defendant, JAMES O'KEEFE, ignoring Plaintiff's response, insisted that the Plaintiff had been consuming alcohol while driving.

21. Defendant, JAMES O'KEEFE, then repeatedly shouted that Plaintiff had been drinking alcohol while driving, and that Plaintiff's beverage contained alcohol, even though Defendant, JAMES O'KEEFE, admits Plaintiff's beverage container was covered, preventing indication of the container's contents.

22. As a matter of fact, the concealed beverage that Plaintiff was drinking was a diet Snapple iced tea, containing no alcohol.

23. Defendant, JAMES O'KEEFE, continued to pursue and harass the Plaintiff, including by, continuing to follow the Plaintiff even after Plaintiff had driven away from the encounter.

24. Thereafter, as the Plaintiff arrived at his brother-in-law's originally intended destination further north on Third Avenue, Plaintiff then discharged his brother-in-law from the mini-van

25. Apparently believing that the Plaintiff's brother-in-law was going to approach their vehicle, Defendant, JAMES O'KEEFE, and his passenger apparently became frightened and finally drove away.

## AS AND FOR A FIRST CAUSE OF ACTION-
### Defamation and Slander Per Se

26. Plaintiff repeats and re-alleges each and every allegation heretofore made herein.

27. Subsequent to the encounter described herein, on or about May 20, 2015, Defendants published a video of the subject encounter online on various publicly accessible internet and social media web sites, including Defendant, PROJECT VERITAS's web site as well as on YouTube.

28. To date, such video continues to be widely published, is accessible online to and by the public, including on YouTube, and has been, and continues to be, viewed and commented on.

29. That a part of such published video shows Defendant, JAMES O'KEEFE, stating to Plaintiff: "You're drinking a black bag surrounding your alcoholic beverage."

30. In the video, Defendant, JAMES O'KEEFE, further states, "We saw you drinking an alcoholic beverage."

31. In the video, Defendant, JAMES O'KEEFE, in reference to Plaintiff, further states, "I think we just got him admitting that he's drinking...he said he was drinking before"

32. Such accusatory and conclusory statements made by Defendant, JAMES O'KEEFE, and published via video by the Defendants are false.

33. Defendants misquote, misconstrue and omit portions of the Plaintiff's statements, as well as portions of the subject video.

34. The false statements made by JAMES O'KEEFE and published by the Defendants impute that Plaintiff committed a serious criminal offense.

35. Such false statements made by JAMES O'KEEFE and published by the Defendants impute that Plaintiff is unable to properly conduct Plaintiff's occupation and office.

36. Defendants knew or should have known that said statements referred to herein, were false as the Defendants never actually witnessed Plaintiff drink alcohol and Plaintiff denied drinking alcohol.

37. That in publishing the said false statements the Defendants acted willfully and with reckless disregard of whether such statements were true or false.

6

38. Defendants' actions as described herein constitute defamation and slander per se against the Plaintiff.

39. The Plaintiff has indeed suffered irrevocable injury to his reputation, and occupation due to Defendants' defamation and slander per se.

40. As a result of Defendants' conduct, the Plaintiff is entitled to monetary and punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION-
### Defamation and Libel Per Se

41. Plaintiff repeats and re-alleges each and every allegation heretofore made herein.

42. On or about May 20, 2015, Defendants published a video of the subject encounter online on various publicly accessible internet and social media web sites, including Defendant, PROJECT VERITAS's web site as well as on YouTube.

43. To date, such video continues to be widely published, is accessible online to and by the public, including on YouTube, and has been, and continues to be, viewed and commented on.

44. That a part of and accompanying such published video are sub-titles of some of the dialogue included in the video as well as a written account of the subject encounter.

45. The sub-text of the video published by the Defendants include the following statements referring to the Plaintiff and made by Defendant,

7

JAMES O'KEEFE: "What are you doing drinking alcohol? We saw you", "You're drinking a black bag surrounding your alcoholic beverage", and "We saw you drinking an alcoholic beverage."

46. The article concerning the video included on Defendant, PROJECT VERITAS's web site is headlined, *Uniformed TSA Agent Caught Drinking While Driving*, with the remainder of the article setting forth the false assertion that the Plaintiff was drinking alcohol while operating a motor vehicle.

47. Such accusatory and conclusory statements written and published by the Defendants are false.

48. Defendants misquote, misconstrue and omit portions of the Plaintiff's statements, as well as portions of the subject video.

49. The false statements written and published by the Defendants impute that Plaintiff committed a serious criminal offense.

50. Such false statements written and published by the Defendants impute that Plaintiff is unable to properly conduct Plaintiff's occupation and office.

51. Defendants knew or should have known that said statements referred to herein, were false as the Defendants never actually witnessed Plaintiff drink alcohol and Plaintiff denied drinking alcohol.

52. That in publishing the said false written statements the Defendants acted willfully and with reckless disregard of whether such written statements were true or false.

53. The publishing of the said false written statements could not in any way be considered journalism due to Defendants' wanton disregard for the truth.

54. Defendants' actions as described herein constitute defamation and libel per se against the Plaintiff.

55. The Plaintiff has indeed suffered irrevocable injury to his reputation, and occupation due to Defendants' defamation and libel per se.

56. As a result of Defendants' conduct, the Plaintiff is entitled to monetary and punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION-
### Intentional Infliction of Emotional Distress

57. Plaintiff repeats and re-alleges each and every allegation heretofore made herein.

58. In addition to the foregoing, on June 9, 2015, as a direct result of the said video published by the Defendants, the Plaintiff was subjected to a U.S. Department of Homeland Security internal investigation.

59. As a result of the investigation, the plaintiff potentially could be terminated from his employment, demoted in position, suffer a wage sanction and/or be subject to other administrative and monetary penalties.

60. Meanwhile, Defendants have likely benefited from their defamatory statements against Plaintiff by posting the subject video on Defendants' web site and by using the subject video to promote Defendants' agenda.

9

61. Moreover, had Defendants been sincerely concerned with the purported actions of the Plaintiff, Defendants should have then notified proper law enforcement in order to protect the public from the crime purportedly committed.

62. Defendants' conduct has clearly demonstrated Defendants' malicious intent to inflict emotional distress upon the Plaintiff.

63. As a direct and proximate result of Defendants' willful and malicious conduct, the Plaintiff has suffered, and continues to suffer severe emotional distress, for which he is entitled to an award of monetary damages.

64. Defendants' egregious conduct was knowing, willful and malicious, additionally entitling the Plaintiff to an award for punitive damages.

**WHEREFORE**, the plaintiff, AGUSTIN MALDONADO, prays judgment be entered in his favor and against Defendants, upon each and/or all causes of action, including the following relief:

A. A declaratory judgment that the actions and conduct of Defendants as complained of herein were defamatory and intentionally or recklessly caused the Plaintiff to suffer severe emotional distress;

B. An injunction and Order permanently restraining Defendants from engaging in such unlawful conduct and ordering the removal of the subject video from all internet, online and other publicly accessible media;

C.  An award of damages in a dollar amount to be determined at trial, plus pre-judgment interest to compensate the Plaintiff for all monetary and/or economic harm;

D.  An award of damages in a dollar amount to be determined at trial, plus pre-judgment interest to compensate the Plaintiff for harm to his professional and personal reputation and loss of occupational fulfillment;

E.  An award of damages in a dollar amount to be determined at trial, plus pre-judgment interest to compensate the Plaintiff for all non-monetary and/or compensatory harm, including but not limited to compensation for mental anguish;

F.  An award of damages in a dollar amount to be determined at trial, plus pre-judgment interest to compensate the Plaintiff for any and all other monetary and/or non-monetary losses suffered;

G.  An award of punitive damages;

H.  An award of costs that the Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the extent permitted by law; and

I.  Such other and further relief as the court may deem just and proper.

FILED Sep 24 2015 Bronx County Clerk

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: New York, New York
September 22, 2015

                Respectfully submitted,

                LAW OFFICES of EDWARD PEREZ, P.C.

By: _____
      Edward Perez, Esq.
      *Attorneys for Plaintiff*
      233 Broadway, Suite 2348
      New York, New York 10279
      Phone: (212) 385-0603

FILED Sep 24 2015 Bronx County Clerk

## VERIFICATION

STATE of NEW YORK    )
                     ) ss:
COUNTY of New York   )

    Agustin Maldonado, being duly sworn, deposes and says that deponent is the Plaintiff in the within action; that deponent has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes it to be true.

*[signature]*
Agustin Maldonado

STATE of NEW YORK    )
                     ) ss:
COUNTY of New York   )

    On the 22nd day of September 2015 before me, the undersigned, personally appeared, Agustin Maldonado, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

*[signature]*
Notary Public

> **EDWARD PEREZ**
> Notary Public, State of New York
> No. 01PE6009481
> Qualified in Queens County
> Commission Expires June 29, 2018